**No. 26-599**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

JUSTIN PRICE,

*Plaintiff-Appellant,*

v.

DICK'S SPORTING GOODS, INC., et al

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Western District of Washington
No. 3:24-cv-05585
Hon. Theresa L. Fricke

**EXCERPTS OF RECORD
Volume 2 of 2**

Sarah L. Lee
Trial Lawyer
705 S. 9th St., Suite #104
Tacoma, WA 98405
253-234-5614
Sarah3@sarahleelaw.com

*Attorney for Appellant*
Justin Price

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

_____

JUSTIN PRICE, an individual, )
                             )
                             ) 3:24-cv-5585-TLF
            Plaintiff,       )
                             ) Tacoma, Washington
 v.                          )
                             ) January 13, 2026
DICK'S SPORTING GOODS, INC., ) 9:30 a.m.
a foreign profit             )
corporation, et al.,         ) Motion Hearing
                             )
            Defendants.      )
_____

VERBATIM REPORT OF PROCEEDINGS
BEFORE THE HONORABLE THERESA L. FRICKE
UNITED STATES MAGISTRATE JUDGE
_____


APPEARANCES:


 For the Plaintiff:      SARAH L. LEE
                         924 S. Sunset Dr.
                         Tacoma, WA 98465


 For the Defendants:     AMANDEEP KAUR MANN
                         Chock Barhoum
                         121 SW Morrison St.
                         Suite 500
                         Portland, OR 97204


Proceedings stenographically reported and transcript
produced with computer-aided technology

**ER_14**

JANUARY 13, 2026 - MORNING SESSION

* * * * * *

THE DEPUTY CLERK:  This is Justin Price versus Dick's Sporting Goods, et al., Cause Number C24-5585.

Would the parties please introduce yourselves for the record?

MS. LEE:  Good morning, Your Honor.  Sarah Lee for Plaintiff Justin Price.

MS. MANN:  And good morning, Your Honor.  This is attorney Amandeep Mann here on behalf of Dick's Sporting Goods.

THE COURT:  And I understand that counsel for the defense is intending to enter a notice of appearance, that you haven't appeared previously, but you're with the same law firm; is that correct?

MS. MANN:  Yes, Your Honor.

THE COURT:  So do you want to make a notice of appearance for the record, in addition to having introduced yourself?

MS. MANN:  Yes.  This is Attorney Mann appearing in this matter on behalf of Dick's Sporting Goods.  I will be entering a notice of appearance later today to validate that.

THE COURT:  So we can enter the notice of appearance provisionally, as the clerk of court can enter that through the minutes of the hearing.

**ER_15**

MS. MANN:  Okay.

THE COURT:  So then you can file the written document, but you have entered your notice of appearance, and the Court is granting your request to appear.

MS. MANN:  Thank you, Your Honor.

THE COURT:  How do you spell your last name?

MS. MANN:  It's M-A-N-N.

THE COURT:  Okay.  This case is on for a hearing concerning the defense motion for summary judgment.

Before we get started with the oral argument on that, I wanted to alert the parties to a potential issue.  I think I know the answer to this, but I want to make sure and raise it so that the parties have a chance to consider it.  There is still a Doe defendant listed in the caption.  I looked at the previous filings.  I don't see anything from plaintiff to make a motion to remove that defendant from the case.  That person has not been identified or served or added as a named defendant on the Court's docket.

Under Ninth Circuit precedent, *Williams v. King*, at 875 F.3d 500 -- that's Ninth Circuit, 2017 -- the magistrate judge does not have jurisdiction to decide a dispositive motion if there is a Doe defendant who has not been identified and actually joined.

So, at this point, plaintiff needs to decide: Are you dismissing out the Doe defendant because this is someone who

**ER_16**

you are not intending to pursue, in which case I can decide this summary judgment motion. That's what I'm guessing is going on here, but I need to have that confirmed on the record.

MS. LEE: Yes, and I -- thank you, Your Honor. Let me do this for the clarification. Prior counsel had named the John Doe. Based on my review of the file, there is no need to have a John Doe, so accordingly, plaintiff withdraws John Doe, and we can do it officially. If the Court wants me to do that, I can definitely do that, but from today moving forward, there is no John Doe. It's just Dick's Sporting Goods. Thank you.

THE COURT: I understand this, then, to be your motion to remove the Doe from the docket?

MS. LEE: Correct, Your Honor.

THE COURT: And I will ask the deputy clerk of the court to note this in the Court's minutes, that the motion has been made.

Any objection from the defense?

MS. MANN: No objection, Your Honor.

THE COURT: Okay. The Court is going to grant that motion to remove the Doe defendant, and the deputy clerk of the court will confirm that in the Court's minutes. As far as I'm concerned, that's enough, and if for some reason I feel, after the hearing, we need to have a written motion or

**ER_17**

a stipulation of some sort, I'll alert the parties of that, but I think this will be fine.

I will ask, then, Ms. Mann to go ahead and present your opening portion of the argument. I understand that you are reserving five minutes for rebuttal; is that correct?

MS. MANN: Yes, Your Honor, that is correct.

THE COURT: Okay. Then, the deputy clerk of the court will keep time, and she'll let you know when it's time to stop.

MS. MANN: Okay. Sounds good.

THE COURT: Okay.

MS. MANN: Do I just come to the podium?

THE COURT: Yes. You may proceed.

MS. MANN: Thank you. Your Honor, this motion is brought before you today because this case isn't really about what happened, it's about whether there is a legal liability that's been created, and under Washington law, there is not.

We're not disputing that the plaintiff may have been injured, but premise liability doesn't hinge on the entry, it starts with duty. And here, the facts don't give rise to a duty that was owed to the plaintiff that the law can recognize.

What happened was very straightforward. The plaintiff chose to use an escalator in the Dick's Sporting Goods. Plaintiff dropped their own merchandise. The escalator did

**ER_18**

exactly as it was functioned to, and it stopped.

Plaintiff's case tries to turn these facts into a negligence action by saying that someone should have warned him about using the elevator instead of the escalator, redirected him, stepped in in some way before anything went wrong, but again, that's not how Washington premise liability law works, and that is why we have brought our motion for summary judgment.

Your Honor, the first argument that plaintiff uses is that the escalator was dangerous because it stopped suddenly, but there is no evidence of a defect or malfunction with the escalator. In fact, immediately after this incident occurred, the escalator was evaluated, and it was found to be compliant. It was in proper maintenance, and the reason why the escalator stopped was because that's what it was supposed to do. It's a safety mechanism for an escalator to stop when something has fallen onto the escalator, and therefore, it's not a failure and not a dangerous condition.

There is a case that is analogous to ours, *Tinder v. Nordstrom*, which also involved an escalator, in which the Court of Appeals affirmed through summary judgment that an escalator functioning as it is designed to function is not a defect and held that the injury alone doesn't establish a dangerous condition.

What plaintiff is really describing is a situation that he

**ER_19**

created himself by dropping the merchandise that he was carrying, and Washington courts are clear that property owners do not have a duty to anticipate or prevent hazards that are due to the plaintiff's own conduct.

And the escalator is also shown functioning properly through video evidence as well.

Plaintiffs also argue that someone should have stopped him from getting onto the escalator. Well, no one told the plaintiff that his only mode was using the escalator. No one blocked his access to the elevator. He had full control over his choice as to how he moved through the store. He could have chosen to use an elevator, but he chose to use the escalator. The law does not require employees to supervise or step in when -- or follow every customer around to evaluate the customer's load to predict mishandling somehow or intervene before any possible misuse. This no longer is a reasonable-care standard. This becomes a constant supervision, which is not the Washington law standard imposed. That's not the kind of duty that's imposed.

Plaintiff also states that there are internal policies that demanded better care by the employee, but these policies that plaintiff cites are applicable to customers with special needs or disabilities, which plaintiff did not claim to have. So even in cases when someone can argue that the policy was not followed correctly, that still doesn't turn a safe

**ER_20**

escalator into a dangerous condition or create a duty that the law does not recognize.

Plaintiff also relies on case law through the *Pimentel*, *Ciminski*, and *Galassi* cases and the mode of operation doctrine. All of these cases have one thing in common, which is that there first exists a store-created dangerous condition, whether through a spill or whether its items are stocked high on the shelf. Again, this had to do with store conduct, store employee conduct, a store-created condition -- dangerous condition that existed.

In our situation, the escalator was working normally. There was no store-created condition that existed that was a hazard. In other words, the -- so under the mode of operation doctrine, you need a duty, you need a dangerous condition, and you need it to be store-created. Well, in our case, there's no duty to anticipate or prevent or supervise conduct of a customer using a normal, perfectly fine, functioning escalator. There's no dangerous condition if the escalator is functioning properly.

The store-creation aspect element is also not met because, again, the escalator functions properly. Any hazard created was due to plaintiff's own conduct of dropping his items and the escalator stopping, again, as it was supposed to. The plaintiff cannot meet a dangerous condition threshold.

Your Honor, I would also like to point out, respectfully,

**ER_21**

that the plaintiff's response was late, which is a procedural issue. The plaintiff's response wasn't late by a day or two, it was late by multiple weeks, and this isn't a situation where counsel was unaware. I recognize that counsel is new to the matter, but despite them being new to the matter, they were aware that the summary judgment motion was pending. In fact, they had had a conversation with Attorney Sarah Tuthill-Kveton about it. They were also provided the video evidence of the incident and could see clearly and exactly what had happened.

Despite that, plaintiff did not file a motion for extension, plaintiff did not file any Rule 56 affidavit. They did not request for relief under the rules, and even if plaintiff assumed that this wasn't a federal court matter and state laws applied, still, the response would have been untimely, and that, alone, is grounds to strike the response of the plaintiff.

THE COURT: Counsel, in a federal summary judgment motion, the Court still has a responsibility to consider all portions of the record that would be relevant to whether there is a genuine dispute of material fact, correct? In other words, if I strike the brief, itself, I would still need to consider all of the evidence that's been presented to the Court.

MS. MANN: Yes, Your Honor. Yes, that is agreed.

**ER_22**

The thing that we bring is that there is no evidence to be disputed.  Even the video evidence, itself, shows what occurred, and that is the escalator functioning properly, plaintiff dropping his object, the escalator stopping, again, functioning as proper.  So there is no evidence to be disputed, and duty, itself, is a matter of law, and it's not something for the jury to decide.

And, Your Honor, at this point, that is all that I have for you.  In conclusion, again, there was no duty that the store had to prevent plaintiff from getting onto the escalator.  There was no duty to redirect him.  There was no duty to anticipate that he might drop an object onto the escalator.  The escalator, again, functioned normally and properly.

There was no hazard that existed, and again, there is no duty to warn or redirect for a hazard that doesn't even exist.  And we've got a case that's analogous, the *Tinder* matter, in which the escalator existing itself was ruled by the Court of Appeals to not be considered as a dangerous condition just because an escalator was -- upon which the injury occurred, the escalator was functioning normally, which is exactly what it is in this matter.  Thank you, Your Honor.

THE COURT:  Thank you.

Ms. Lee, you may proceed.

**ER_23**

MS. LEE: Thank you. Good morning, Your Honor.

In cases of, kind of, self-service operations, which is exactly what this is -- it's one of those stores where you go in and you go pick stuff up -- in this situation, the legal liability here hinges on the employer's conduct. And in this case, when we're talking about the employer's conduct, we're also including the employees that the employer uses as their agents to carry out.

Ms. Mann mentioned, under *Pimentel*, there has to be some type of employer conduct. This is the area that plaintiff is focusing on. Mr. Price didn't end up on that escalator simply because he chose to. He ended up on that escalator because he had a store assistant help carry his stuff. In other words, they were weights, and the assistant told him to follow him.

Whether or not, in terms of, you know, his options to go to an elevator or not, between the two people, the store employee has more superior knowledge as to the conditions of the premises, the ways -- the safer ways to go. And what didn't happen here is the store employee didn't say, "Hey, you have all of this stuff," noticing that he had two large canopies, which are fairly heavy, and Mr. Price is a big guy, but to carry those down an escalator, a reasonable person in the employee's situation could see that there could be a potential problem.

**ER_24**

However, we have the deposition testimony of that employee that says: Yes, this is the way that I've done it. It was the quicker way down. And those are all factors to consider in terms of whether his conduct created an unreasonable or hazardous condition. Having your customer take down two large canopy tents down a moving escalator, is it in the realm of possibilities that because of the escalator and the content that is being carried that it could be dropped, which would create an unsafe condition?

And in terms of the unsafe condition, there's another employee that states that, yeah, we could see that that could create an unsafe condition if the escalator suddenly stops.

So, in terms of the actual facts, I think the defendant is trying to focus purely on the plaintiff's conduct, and they can do that in terms of contributory negligence or comparative negligence, but that's not what's at issue here. What is at issue is whether or not -- under, like, the negligence standard, there's no dispute that Mr. Price is a business invitee, in which they owe the highest duty to.

The question here is whether, by their business operation, they breached that duty. And there are sufficient facts, admissions by the store employees, testimony from the plaintiff, Mr. Price, that explain exactly why he ended up on there.

As for the argument about ADA, there's nothing on the

**ER_25**

Dick's sign in the elevator or escalator that mentions, oh, it's only for -- the elevator is only for ADA, and I think that argument actually is contrary to their own internal policies, which state, look, if you're seeing a customer struggling or if they're carrying something heavy, you have them use the elevator. That is their own policy.

And I really think the escalator, in itself, is more of kind of a red herring. That's not the focus in terms of duty and breach of duty. It's how Mr. Price ended up there in the first place. And it's clear from the record and sworn deposition testimony, the only reason he ended up there is that the store employee urged him -- encouraged him to follow him down the escalator with some of the stuff that Mr. Price was going to purchase.

THE COURT: Counsel, are you saying that the duty, then, was created before he ever got onto that escalator?

MS. LEE: Well, I think that the defendant is in the superior position of knowing the hazards and the conditions of their premises. There is a reliance for customers to rely on store employees to traverse the store. So, in terms of that duty, right, if the store is doing something that is creating a hazard for the customer -- and what we're saying is that, in this case, they did, because the store employee saw what Mr. Price was carrying. And according to their own policies, when they see customers with heavy, bulky stuff,

**ER_26**

they direct them, normally, to the elevator, but that didn't happen here.

What happened here is, for whatever reason -- and it sounded like, from the store employee's deposition testimony, it's just that he didn't really think about the danger that he's posing by having the customer follow him while he's carrying items that the customer was going to purchase.

I do want to give the Court notice of a fact that there are no cashier -- there's no customer cashier things on the second floor.  All of the cashier things are on the first floor.  So, in order to buy something, you have to get to the first floor, and there's only two ways.  And the store employee would know where the elevator is, because apparently they work there, they have been trained, and they know the layout.  And could that have -- could they have directed and said, "Hey, let's go take the elevator"?  We wouldn't even be here but for that.

And Mr. Price went on the escalators because the employee said, "Follow me."  It's like if a customer is going to get into a fitting room and they're asking where the fitting room is, and somebody says, "Follow me," and they may trip and may fall over things.  There's a certain amount of reliance that a customer has for the employee, and the employer should know this, and of course they know this, because they provide training about what they should do in interacting with

**ER_27**

customers to avoid creating unsafe behaviors or unsafe conditions.

And what happened here is this employee, again, not really -- for whatever reason, not thinking that there could be a safety issue taking someone with large items down an escalator that is moving, that the other employee said, yeah, if it stops, you can be injured.

So this case is -- it basically focuses on store-created conditions. So the condition that was created was having an employee say, hey, come take this way down there, knowing full well, based on the nature of the items that the store employee saw the customer purchase, that it is possible that that could create a problem, because they're heavy, and what happened is it banged up against the escalator thing. And that's really important, because it's not just about -- again, this is not a comparative negligence thing. This is -- he's relying on the knowledge of the store employee. He is following the directions of the store employee. It's their duty; it's their premises.

THE COURT: Counsel, let me ask you this: If this was not a situation where the escalator was being used, but instead, it's a staircase, and the staircase is in perfectly good condition, there's no slippery substance or anything like that, but there's the same, sort of, large object that the customer is carrying, and then the customer loses their

**ER_28**

balance or what have you and tumbles down the stairs, would that be the same argument you're making? In other words, it's not about the stairs themselves or it's not about the escalator, it was about the employee saying, "Let's take the stairs" or "Let's take the escalator"?

MS. LEE: If, in that scenario, you're assuming that there's another way to go. I mean, there's that aspect of it. And it also depends on what the employee was trained to do, because, again, that's part of their business operations, which is what *Pimentel* and the subsequent cases discuss.

It is -- what they did, and what this employee did, was contrary to their own policies, their own signs, and that, in itself, created a danger.

And, yeah, in that particular case, if you're talking about someone going down some stairs and they're seeing that it could be a danger, there could be any number of ways to mitigate against that, right? The employee's, like, "Well, let me get you some assistance," you know, "There's a better way to do it."

But when you're taking someone down a flight of stairs or an escalator, knowing that there is a reasonable foreseeability that they can get injured because of the bulkiness and because your policies say, hey, that condition, itself, can be a danger and there's a safer way to go -- and in this case, when their store policies say, hey, there's a

**ER_29**

safer way to go, have customers do this, and the store employee doesn't do that, that creates -- that's a question of whether or not -- whether the employee's conduct on behalf of the defendant created that unsafe condition, and was it reasonably foreseeable?  And it's clear that it's reasonably foreseeable that -- even in your scenario, if you're having someone go down the stairs and they're carrying a bunch of stuff, is there a likelihood -- and yet you're still having them go down those stairs?  I think they're -- and they are a business invitee, then I think there are questions of fact as to breach.  Then you would ask the same kinds of questions that we'd be asking here:  Were you directed to go down the stairs?  Is it the policy of the store in self-servicing to go down the stairs?  Does the store recognize that there's a danger going down the stairs?

There's all these factual elements that are present in these kinds of cases, like *Pimentel*, and I think that there was a recent case involving Target where these same issues were applied.

But, really, it does come down to whether the alleged unsafe condition -- and let me be very specific here.  The unsafe condition is the employer directing a customer, plaintiff, to go down an escalator, who's carrying heavy, awkward items, and with the possibility that it could be dropped, and again, in this particular, weird circumstance,

**ER_30**

cause the escalator to stop because he dropped it.

As for the injury itself, I think that's a separate matter, but I know that the information that was provided is consistent with what he was saying as to the mechanism of injury and how that occurred.

I do want to cover the untimely filing. I think that's necessary that I cover that. In 2010, the federal rules amended CR 56 so that, in situations where, you know, the information is not available, that the Court, in and of itself, as the Court has mentioned, can look at the merits and what has been brought forward. And I do think, in the response, I did ask if there was a motion to continue -- I did request that in my initial response as part of the alternative forms of relief.

But the bottom line is, it really focuses on what the employer's conduct is in terms of this duty and whether or not they breached. Thank you, Your Honor.

THE COURT: Thank you.

Ms. Mann, you have five minutes for rebuttal.

MS. MANN: Your Honor, I'd like to start with the fact that plaintiff's counsel is saying that Mr. Price did not end up on the escalator due to his own choice. Again, Mr. Price had the option to use an elevator. He was not told that an elevator was not available.

If Mr. Price felt like he couldn't use an escalator, that

**ER_31**

was something that he should have known on his own. This isn't something that the store employee should have been able to predict.

As counsel said, Mr. Price appears to be a big, strong man, so it was rightful for the store employee to assume that Mr. Price could walk down -- or use the escalator as a mode of transport between the second and the first floor. I don't think that there was anything wrong with the employee leading Mr. Price down.

Again, that mode of leading doesn't create a duty. That's where the plaintiff's arguments fail again. They jump to negligence, they jump to breach, but before you can have breach, you have to have a duty to breach. The elevator -- the employee taking the escalator does not create a hazardous condition. It was the plaintiff dropping his item that was in his hands that created a hazard to the plaintiff himself, and again, it wasn't because of a malfunction of any object.

When an individual, a business invitee, comes into a store, yes, they do not assume the risk of any dangerous condition being there, such as a spill or, you know, shelving stacked in a certain way or maybe aisles too tight or other things like that, but what they do assume is the ordinary risk of walking throughout the store, carrying their items. That is something that can be expected of someone that is coming to shop. Otherwise, why are they shopping in person?

**ER_32**

THE COURT: Counsel, if an employee is sort of suggesting or requesting or telling the person, "Here we go, we're going this way," and it is in a situation where there is foreseeability that something could happen -- might not know what's going to happen -- but something potentially injurious could happen, doesn't that create a duty that's foreseeable?

MS. MANN: I think, Your Honor, Washington law doesn't create a duty to anticipate or prevent or supervise the conduct of the ordinary customers coming through.

If the escalator was damaged, then, of course, the employee was responsible for directing Mr. Price to use a different mode of transportation to get from the second floor to the first floor, and then an elevator would have been completely reasonable, or whatever else was available, but because there was no known risk to taking the escalator, then using the escalator is not something that imposes a duty on the employee to anticipate or prevent the potential falling of objects from the hands of the customer.

THE COURT: Counsel, does it make a difference what the individual is carrying? In other words, if he had a package of ping-pong balls and they are all encased in the package, it's not likely they're going to escape the package as he's going down the escalator, and the employee wouldn't, sort of, have a foreseeability issue about something

**ER_33**

potentially going wrong and an injury happening. And yet, if the item being carried is either so unbalanced or awkward, regardless of whether it's heavy, at some point, wouldn't there be foreseeability?

MS. MANN: Your Honor, there may be, but again, the plaintiff chose to come into the store, chose to grab those items, used the assistance of an employee to help with other items. The employee, himself, was carrying -- in the video, he can be seen carrying two boxes down the escalator, but it was only the plaintiff, from whose hands whatever object slipped, that caused the escalator to then stop.

So if the plaintiff felt that, you know, maybe the objects are heavy or this is awkward, at any point, the plaintiff could have said, "Hey, I think we should use an elevator; I don't feel really comfortable using the escalator," and that is not something the plaintiff did.

If the plaintiff had been someone that maybe was in, like, a walker or, you know, had a clear, visible disability, then, of course, the employee should have noted that and said, "Hey, I think we need to take the elevator," but that was not the case here. Plaintiff appeared perfectly healthy and capable of carrying the items through the mode of an escalator.

THE COURT: All right.

MS. MANN: And, again, Your Honor, the foreseeability

**ER_34**

aspect, Washington law doesn't impose a duty to anticipate or prevent the conduct of the customers within the store. And even with the business invitee status, the assumption of -- there's an assumption of ordinary risk that any customer walking through the store takes when coming onto the premises and making the personal choices they make while they shop.

And in order to have the negligence standard applied, you first need a duty. Here, there was no duty of the employee because there was no inherent safety risk. There was no -- there exists no duty for an employee to supervise every movement of a customer and to anticipate that a customer may drop items or things like that just because a customer is carrying -- that he seems capable to carry them. If that was the standard, then employees would have to supervise constantly every customer within the store, and that is, again, simply not the standard.

THE DEPUTY CLERK: Counsel, that's time.

MS. MANN: Okay.

THE COURT: Well, I thank both counsel for your very well-prepared remarks. I will be taking this under advisement, and I'll issue a written decision very soon. I know we're coming up on the trial date, and we want to make sure that this is decided promptly.

MS. MANN: Thank you, Your Honor.

MS. LEE: Thank you, Your Honor.

**ER_35**

THE COURT:  At this time, the Court will be in recess.

(Adjourned.)

C E R T I F I C A T E

I, Sheri L. Schelbert, RMR, CRR, do certify that the foregoing is a correct transcript, to the best of my ability, from the record of proceedings in the above-entitled matter.

*/s/ Sheri Schelbert*

Sheri Schelbert

**ER_36**

Sheri Schelbert - RMR, CRR - Federal Court Reporter - 1717 Pacific Avenue - Tacoma WA 98402

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | | |
|---|---|---|
| JUSTIN PRICE, an individual | ) | Civil Case No. 3:24-cv-05585 |
| Plaintiff, | ) | |
| | ) | **DECLARATION OF SARAH** |
| v. | ) | **TUTHILL-KVETON IN SUPPORT** |
| | ) | **OF DEFENDANT'S MOTION FOR** |
| DICK'S SPORTING GOODS, INC., a foreign | ) | **SUMMARY JUDGMENT REPLY** |
| profit corporation; and JOHN DOE, an | ) | |
| individual, | ) | |
| | ) | |
| Defendants. | ) | |

I, Sarah Tuthill-Kveton, declare as follows:

1.      I am one of the attorneys representing Defendant Dick's Sporting Goods, Inc. ("Defendant") in the above-entitled matter. I submit this declaration to support Defendant's Motion for Summary Judgment. This Declaration is based on personal knowledge, and I am competent to testify to the matters herein.

2.      Attached hereto as **Exhibit A** is a true and correct copy of pages from plaintiff's deposition transcript dated April 2, 2025.

**I HEREBY DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.**

DATED this 5th day of January, 2026.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
121 SW Morrison Street, Ste 500
Portland, OR 97204, (503) 223-3000
Attorney for Defendant

**ER_37**

DECLARATION OF SARAH TUTHILL-KVETON IN SUPPORT OF REPLY TO MOTION FOR SUMMARY JUDGMENT - 1                     DIC017.0007

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT PIERCE

| | |
|---|---|
| JUSTIN PRICE, an individual )<br>Plaintiff, )<br>)<br>v. )<br>)<br>DICK'S SPORTING GOODS, INC., a foreign )<br>profit corporation; and JOHN DOE, an )<br>individual, )<br>)<br>)<br>Defendant. | Civil Case No. 3:24-cv-05585<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that a true copy of the foregoing **DECLARATION OF SARAH TUTHILL-KVETON IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REPLY** was served on:

Sarah Lee
Attorney at Law
924 S Sunset Drive
Tacoma, WA 98465
    Attorneys for *Plaintiff*

☐ By hand delivery
☐ By first-class mail*
☐ By facsimile transmission
    Fax #: (253) 475-7886

☑ By e-mail:
    Sweetwater72@gmail.com
☑ By court eFiling Application to the
    extent registered

/ / /

/ / /

/ / /

**ER_38**

CERTIFICATE OF SERVICE - 1

DIC017.0007

*With first-class postage prepaid and deposited in Portland, Oregon.

Dated this 5th day of January, 2026.

CHOCK BARHOUM LLP

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
121 SW Morrison Street, Ste 500
Portland, OR 97204
Phone Number: (503) 223-3000
    Attorney for Defendant Dick's Sporting Goods, Inc.

Dated this 5th day of January, 2026.

CHOCK BARHOUM LLP

John R. Barhoum, WSBA #42776
Email: john.barhoum@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland OR 97204
(503) 223-2000
    Attorney for Defendant Dick's Sporting Goods, Inc.

**ER_39**

CERTIFICATE OF SERVICE - 2

DIC017.0007

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

JUSTIN PRICE, an individual )    Civil Case No. 3:24-cv-05585
                  Plaintiff, )
                   )    **DEFENDANT'S REPLY IN**
    v. )    **SUPPORT OF MOTION FOR**
                   )    **SUMMARY JUDGMENT**
DICK'S SPORTING GOODS, INC., a foreign )
profit corporation; and JOHN DOE, an )
individual, )
                   )
             Defendants. )

## **REPLY**

Defendant Dock's Sporting Goods, Inc. ("Defendant"), through its respective counsel, submits this Reply in Support of its Motion for Summary Judgment and asks that the Court grant the motion for two reasons. First, Plaintiff's Response was weeks late. Second, Plaintiff's opposition fails because it cannot establish any genuine issue of material fact as to duty, breach, or causation. The undisputed evidence shows that Plaintiff voluntarily chose to use the escalator rather than the available elevator when transporting his items to checkout. No store employee directed Plaintiff to use the escalator, discouraged him from using the elevator, or exercised any control over his decision. Plaintiff was utilizing the escalator exactly as intended. Indeed, Plaintiff himself testified that customers are free to "do whatever they want" and confirmed that he could have used the elevator had he preferred to do so. Both governing precedent and practical application of common-sense principles confirm that Plaintiff has no entitlement to relief.

DEFENDANT DICK'S SPORTING GOODS, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 1

## I.      Plaintiff's Response was Untimely.

Unlike Washington state court, response deadlines in federal court are not keyed to the noting date; they run from the date the motion is filed. Under the Local Rules, motions to dismiss and motions for summary judgment must be noted for consideration no earlier than 28 days after filing, and any opposition must be filed and received no later than 21 days after the filing date of the motion. Replies are due no later than 28 days after filing. Local Civil Rule 7(d)(2)–(3), W.D. Wash.

Here, Defendant timely filed its Motion for Summary Judgment. Plaintiff's counsel entered a notice of appearance on November 7, 2025, and requested that Defendant re-note the hearing. Defendant agreed as a professional courtesy. While Plaintiff may or may not now claim confusion, the re-noting of the hearing did not, and could not, alter the response deadline imposed by the Federal Rules and Local Rules. Even after the hearing was re-noted to December 22, 2025, Plaintiff's response deadline remained November 13, 2025. That deadline passed without any filing by Plaintiff.

Significantly, the Court requested oral argument on Defendant's motion on November 13, 2025, the very day Plaintiff's response was due. Plaintiff nevertheless filed nothing. Only on December 17, 2025, 31 days after the response deadline, did Plaintiff finally submit an opposition.

Federal courts routinely decide summary judgment motions on the papers, and parties are expected to comply strictly with briefing deadlines. Plaintiff's failure to do so here was not minor or technical, it was substantial and prejudicial. Plaintiff had notice of the rules, entered the case before the response deadline, and still failed to act. Accordingly, Plaintiff's Response should be stricken as untimely, and Defendant's Motion for Summary Judgment should be granted on that basis alone.

/ / /

/ / /

/ / /

DEFENDANT DICK'S SPORTING GOODS, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 2

DIC017.0007

**ER_41**

3:24-cv-05585

## II.    Plaintiff Has Not Presented a Genuine Issue of Material Fact.

Plaintiff's opposition fails because it cannot establish any genuine issue of material fact as to duty, breach, or causation.

The undisputed evidence shows that Plaintiff voluntarily chose to use the escalator rather than the available elevator when transporting his items to checkout. It is undisputed that no store employee directed Plaintiff to use the escalator, discouraged him from using the elevator, *or exercised any control over his decision*. Plaintiff was utilizing the escalator exactly as intended. Indeed, Plaintiff himself testified that "you could do anything you want to do in life" and confirmed that he could have used the elevator had he preferred to do so.

Q. Okay. But -- but, I mean, when you say it's not your choice, can't you, you know,

go use the elevator if you want to regardless if this gentleman was going to go down

the escalator?

A. I mean, you could do anything you want to do in life, but I just -- you know, I'm

in and out. I'm a customer. I'm just trying to get downstairs. He said, "Let's go this

way," and I followed him.

*STK Decl.*, Ex. 1, (p. 57, ll. 25 – p. 58, ll. 1-7).

The incident occurred only after Plaintiff dropped items he was carrying, which in turn caused the escalator to stop. There is no evidence, testimonial or otherwise, that the escalator was defective, malfunctioning, or improperly maintained. Plaintiff cannot identify any dangerous condition of the escalator, nor can he point to any act or omission by the store that contributed to the incident. Absent evidence of a dangerous condition or negligent conduct, Plaintiff's claim necessarily fails as a matter of law.

Plaintiff's theory of liability appears to rest on the assertion that a store employee should have instructed him to use an elevator instead of the escalator. This argument is unsupported by law or logic. Washington law does not impose a duty on store employees to override a customer's independent choices or to warn against the ordinary, open, and obvious use of an escalator. There is no rule, policy, or evidence suggesting that employees were required to direct customers away

DEFENDANT DICK'S SPORTING GOODS, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 3

from escalators, nor is there any authority imposing liability for failing to offer unsolicited advice about alternative routes within a store. Such a standard would be unworkable and far beyond the scope of premises liability.

Accepting Plaintiff's position would effectively impose strict liability on retailers for any injury arising from a customer's ordinary use of an escalator, regardless of fault or defect. That is not the law in Washington. Plaintiff had free will and multiple available options for transporting his items. If he had concerns about using the escalator, he was free to choose the elevator. The law does not require the store to protect Plaintiff from the consequences of his own voluntary and uncoerced choices.

Because plaintiff cannot meet his burden of producing any evidence of a dangerous condition, breach of duty, or negligent conduct by the store, he seeks to invoke the mode-of-operation exception, also known as the *Pimental* exception. The doctrine eliminates the notice requirement only when the operating methods of a business "are such that dangerous conditions are continuous or easily foreseeable…." Tavai v. Walmart Stores, Inc., 176 Wn. App. 122, 128 (2013) (quoting Pimentel, 100 Wash. 2d at 49)). This exception has been construed narrowly by the Washington Supreme Court. Johnson v. Liquor & Cannabis Bd., 197 Wn.2d 605, 619 (2021) ("Determining whether an unreasonably dangerous condition existed is not automatic. This is especially true in slip and fall cases… it could be reasonably foreseeable that the floor could become unreasonably dangerous through being wet and slippery, but, at the same time, there might not be proof that the floor was unreasonably dangerous in a particular instance.").

Plaintiff's case does not present facts that would invoke the *Pimentel* exception. Plaintiff's entire argument for applying the *Pimental* exception to this case is that the method of Defendant's operation "plays a central role of foreseeability of the hazards of a store employee directing and leading plaintiff to use an escalator downwards while carrying heavy and bulky items for purchase." This is nowhere near enough to invoke the *Pimental* exception. There is no law that escalators are, in and of itself, unreasonably dangerous. There is also no duty to warn someone of a condition that is not unreasonably dangerous. Plaintiff has not and cannot provide any evidence

DEFENDANT DICK'S SPORTING GOODS, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 4

DIC017.0007

3:24-cv-05585

that the escalator at the time of the Plaintiff's incident was in an unreasonably dangerous condition or became so at any time. As such, Plaintiff's argument fails.

### III.    Defendant's Policies and Procedures Similarly Do Not Create a Question of Fact.

Plaintiff argues that Defendant has a Vertical Transportation policy that requires Defendant's employees to alert customers with special needs/disabilities when using vertical transportation. Plf. Opp. P. 7, ln-19-23; p. 19. Plaintiff contends that the existence of the policy alone created a duty to warn. That argument fails on both the law and the facts. The policy, by its plain terms, applies only to individuals with disabilities or special needs, an undisputed precondition to its invocation. Plaintiff does not fall into either category. Indeed, the record affirmatively establishes, without contradiction, that he is neither disabled nor an individual with special needs. The absence of any qualifying condition underscores that the policy does not apply and cannot serve as a basis for imposing liability.

### IV.    Discovery is Not at Issue and Changes Nothing.

Plaintiff argues that Defendant's motion should be denied because Defendant did not produce "all policies and procedures," meaning, any policy and procedure that Defendant had in place at the time of the incident, the entire Handbook. Meaning, policies and procedures on cash registers, breaks, reporting harassment, having nothing to do with this case. Plaintiff also simultaneously cites the policies and procedures that were provided regarding "vertical transportation," showing that responsive documents were produced, even if they arguably have no application in this case.

Plaintiff's position fails for two straightforward reasons. First, the Federal Rules supply a remedy for allegedly incomplete discovery responses: a party may file a motion to compel. Plaintiff did not do so, and it is unlikely a Court would order the entire manual.

Second, if Plaintiff believed additional policies were necessary to oppose a dispositive motion, he was required to request more time under FRCP 56(d) and show, with particularity, that the additional specific discovery sought is material to the Court's decision. Plaintiff has not requested relief or made any showing of materiality under FRCP 56(d) and the key facts needed,

DEFENDANT DICK'S SPORTING GOODS, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 5

DIC017.0007

**ER_44**

3:24-cv-05585

let alone the steps that have been taken to obtain this relevant discovery. Far from showing a discovery deficiency, Plaintiff has affirmatively demonstrated that he has the discoverable policies relevant to this dispute. The real issue is not that the policies are missing, it is that they contradict Plaintiff's liability arguments and offer him no support.

**V. The Video was Preserved, thus, No Spoliation.**

In addressing Plaintiff's belated suggestion of spoliation, this is unsupported by any evidence and fails as a matter of law. This is the first time in the entire litigation that Plaintiff has raised any claim of spoliation, despite extensive discovery and multiple depositions. The record establishes that no spoliation occurred.

Defendant timely produced the video footage that was captured and that exists pursuant to the protective order in this case. Plaintiff's counsel questioned witnesses about the existence of video footage during depositions and was told the same thing:

Q. Okay. Do you know, are there -- is there more than one 2 camera that captures

the escalator?

A. Not to my knowledge, no.

*STK Decl.,* Ex. 1. (p. 36, ll. 1-3).

Plaintiff offers no actual evidence that any additional footage ever existed, let alone that it was destroyed. Spoliation requires far more than speculation. A party commits spoliation only if it destroys evidence when it had "some notice that the [evidence was] potentially relevant to the litigation." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002). While the Ninth Circuit has not articulated a bright-line rule for when the duty to preserve arises, courts in this Circuit consistently hold that "[a]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *UMG Recordings, Inc. v. Hummer Winblad Venture Partners (In re Napster, Inc. Copyright Litig.)*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006); *AmeriPride Servs., Inc. v. Valley Indus. Serv., Inc.*, No. CIV S-00-113, 2006 WL 2308442, at *4 (E.D. Cal. Aug. 9, 2006).

DEFENDANT DICK'S SPORTING GOODS, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 6

DIC017.0007

3:24-cv-05585

Crucially, Rule 37(e) does not apply when information is lost before any duty to preserve arises. *Mork v. Russell*, No. 3:21-cv-00077-MMD-CSD, 2023 WL 7545518, at *2 (D. Nev. Nov. 14, 2023). The Ninth Circuit has repeatedly held that a party does not engage in spoliation when, without notice of the evidence's potential relevance, it destroys evidence pursuant to routine policy or in the normal course of business. *United States v. $40,955.00 in U.S. Currency*, 554 F.3d 752, 758 (9th Cir. 2009); *State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 720 (9th Cir. 2005).

Here, Plaintiff cannot meet any element of a spoliation claim. There is no evidence that Defendant failed to preserve relevant evidence. Plaintiff actually possesses the applicable video footage, which clearly captures the incident. There is no evidence that any additional footage ever existed, and certainly no evidence that Defendant destroyed any footage after a duty to preserve arose or with knowledge of its relevance to anticipated litigation. Absent proof of destruction, notice, or bad faith, which does not exist here, Plaintiff's spoliation argument collapses.

/ / /

/ / /

/ / /

DEFENDANT DICK'S SPORTING GOODS, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 7

DIC017.0007

3:24-cv-05585

**ER_46**

Because Plaintiff's spoliation claims rests entirely on conjecture and is unsupported by the factual record or governing law, it cannot defeat summary judgment and should be rejected outright.

## CONCLUSION

Defendant respectfully requests that this Court grant its Motion for Summary Judgment.

Dated this 5th day of January, 2026.

**CHOCK BARHOUM LLP**

John R. Barhoum, WSBA #42776
Email: john.barhoum@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland OR 97204
(503) 223-2000
  Attorney for Defendant Dick's Sporting Goods, Inc.

Dated this 5th day of January, 2026.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland OR 97204
(503) 223-2000
  Attorney for Defendant Dick's Sporting Goods, Inc.

DEFENDANT DICK'S SPORTING GOODS, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 8

DIC017.0007

**ER_47**

3:24-cv-05585

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

JUSTIN PRICE, an individual
                   Plaintiff,

    v.

DICK'S SPORTING GOODS, INC., a foreign profit corporation; and JOHN DOE, an individual,

                   Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No. 3:24-cv-05585

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 5th day of January, 2026. I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all registered individuals.

Additionally, I hereby certify that a true copy of the foregoing **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was served as stated below on:

Sarah L. Lee
Attorney at Law
924 S Sunset Drive
Tacoma, WA 98465
    Attorneys for *Plaintiff*

☐  By hand delivery
☐  By first-class mail*
☐  By facsimile transmission
     Fax #: (253) 475-7886

X  By e-mail:
     Sweetwater72@gmail.com

X  By court eFiling Application to the extent registered

/ / /

/ / /

/ / /

CERTIFICATE OF SERVICE
ALL052.0640

**ER_48**

*With first-class postage prepaid and deposited in Portland, Oregon.

Dated this 5th day of January, 2026.

**CHOCK BARHOUM LLP**

John R. Barhoum, WSBA #42776
Email: john.barhoum@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland OR 97204
(503) 223-2000
        Attorney for Defendant Dick's Sporting Goods, Inc.

Dated this 5th day of January, 2026.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland OR 97204
(503) 223-2000
        Attorney for Defendant Dick's Sporting Goods, Inc.

**ER_49**

CERTIFICATE OF SERVICE
ALL052.0640

| 2/19/2025 | 49 | MINUTE ORDER entered at the direction of Judge Theresa L Fricke. Plaintiff filed a stipulation on December 18, 2025, extending the deadline for defendant to file their reply brief to the summary judgment motion to January 5, 2026. Dkt. 47 . The Court instructs the Clerk to re-note defendant's motion for summary judgment (Dkt. 29 ) to January 5, 2026. (GMR) (Entered: 12/19/2025) |
|---|---|---|

HON. THERESA L. FRICKE

Sarah L. Lee, WSBA No. 27364
Trial Attorney
Email: Sweetwater72@gmail.com
924 S. Sunset Dr.
Tacoma, WA 98465
Telephone: 253-224-4450

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN PRICE, an individual,

Plaintiff,

v.

DICK'S SPORTING GOODS, INC., a
foreign profit corporation; and JOHN
DOE, an individual,

Defendants.

No. 3:24-cv-05585-TLF

STIPULATION FOR EXTENSION
OF DEADLINE FOR FILING
DEFENDANT'S REPLY ON THE
MOTION FOR SUMMARY
JUDGMENT

Plaintiff, Justin Price through his counsel certifies that they have conferred with counsel for Defendant regarding the date Defendant will file its Reply on Defendant's Motion for Summary Judgment. Counsel has stipulated that defendant's reply will be filed by January 5, 2026.

STIPULATION FOR EXTENSION
OF DEADLINE FOR FILING
DEFENDANT'S REPLY ON THE
MOTION FOR SUMMARY JUDGMENT - 1

**ER_51**

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA  98465
ph. (253) 224-4450
Sweetwater72@gmail.com

SO STIPULATED

DATED this 18th  day of December, 2025.

Respectfully submitted by:

**TRIAL ATTORNEY**

By:      */s/ Sarah L. Lee*
        Sarah L. Lee, WSBA# 27364
        Attorney for Plaintiff Price
        Sweetwater72@gmail.com

**CHOCK BARHOUM LLP**
/s/*Sarah Tuthill-Kveton*
Sarah Tuthill-Kveton, WSBA #56945
Email: sarah@chockbarhoum.com
e-service@chockbarhoum.com
Attorney for Defendants

STIPULATION FOR EXTENSION
OF DEADLINE FOR FILING
DEFENDANT'S REPLY ON THE
MOTION FOR SUMMARY JUDGMENT - 2

**ER_52**

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA  98465
ph. (253) 224-4450
Sweetwater72@gmail.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN PRICE, an individual,

                              Plaintiff,

        v.

DICK'S SPORTING GOODS, INC., a foreign profit corporation; and JOHN DOE, an individual,

                              Defendants.

No. 3:24-cv-05585-TLF

CERTIFICATE OF FILING AND SERVICE

I hereby certify that a true copy of the foregoing STIPULATION FOR EXTENSION OF DEADLINE FOR FILING DEFENDANT'S REPLY ON THE MOTION FOR SUMMARY JUDGMENT was served via email and court e-Filing  on:

**CHOCK BARHOUM LLP**

**Sarah Tuthill-Kveton, WSBA #51801**
Email: sarah@chockbarhoum.com
e-service@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland OR 97204
(503) 223-2000
Attorney for Defendant Dick's Sporting Goods, Inc.

**John R. Barhoum, WSBA #42776**
Email: sarah@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland OR 97204
(503) 223-2000
Attorney for Defendant Dick's Sporting Goods, Inc.

CERTIFICATE OF SERVICE

**SARAH L. LEE**
Trial Attorney
705 S. 9th St., Suite 104
Tacoma, WA  98465
ph. (253) 224-4450
Sweetwater72@gmail.com

ER_53

HON. THERESA L. FRICKE

Sarah L. Lee, WSBA No. 27364
Trial Attorney
Email: Sweetwater72@gmail.com
924 S. Sunset Dr.
Tacoma, WA 98465
Telephone: 253-224-4450

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN PRICE, an individual,

                      Plaintiff,

      v.

DICK'S SPORTING GOODS, INC., a
foreign profit corporation; and JOHN
DOE, an individual,

                      Defendants.

No. 3:24-cv-05585-TLF

PLAINTIFF'S RESPONSE TO
ORDER TO SHOW CAUSE

Plaintiff, Justin Price hereby responds to the Court's Order to Show Cause entered on

December 18, 2025, Dkt. 43 as follows:

Upon substituting in as plaintiff's counsel on November 7, 2025, Dkt. 33, I had initially

thought that all material documents of plaintiff's case and litigation case file were received by

PLAINTIFF'S RESPONSE TO ORDER
TO SHOW CAUSE - 1

**ER_54**

SARAH L. LEE
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA  98465
ph. (253) 224-4450
Sweetwater72@gmail.com

my firm at time of substitution. I also thought that plaintiff's former counsel had apprised plaintiff regarding the contents and implications of defendant's motion for summary judgment.

However, and unfortunately, this firm did not receive all the client file and litigation files.  There were additional delays after I requested former counsel to provide what I noticed was missing documents and material. Some of the missing information included plaintiff's deposition material including the court reporter's identity so I could contact them about whether plaintiff's former counsel ordered a copy.  After additional communication delays with former counsel, I got the information for the court reporter.

I called the court reporter and emailed about whether a copy of plaintiff's deposition transcript was ordered by plaintiff's former counsel. The court reporter emailed me back and informed me that she was out of the country and had received my  voice and email.

The lack of having the complete client file including discovery and litigation documents put me in an awkward position as I didn't want to "out" the issue of missing client information that was in the possession of plaintiff's former counsel or that should have been in the file, particularly to defense counsel.  Additionally, plaintiff before and after the November 28, 2025, was out of state and I had limited communications with him.  I also received an auto-generated reply that stated defense counsel, Sarah Tuthill-Kveton was out of the office from November 24, 2025, through November 28, 2025.

When I asked counsel Tuthill-Kveton to re-note the motion for summary judgment on November 10, 2025, and she agreed to re-note the motion for two weeks later, December 5, 2025, Dkt. 35, I did not know the extent of missing and material information that I need to review for preparing an opposition to defendant's motion for summary judgment. I also did not

PLAINTIFF'S RESPONSE TO ORDER
TO SHOW CAUSE - 2

**ER_55**

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA  98465
ph. (253) 224-4450
Sweetwater72@gmail.com

anticipate the delays that were encountered regarding former counsel, the court reporter, and plaintiff.

Finally, some of the evidence submitted in response to defendant's opposition for summary judgment, was not received and discovered until after the November 28, 2025, deadline and earlier this week. I agree that defendant needs additional time to reply to plaintiff's opposition to summary judgment.

Plaintiff respectfully requests that the Court consider this response to the Court's Order to Show Cause as demonstrating "good cause" and not strike Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment under FRCP 56(d)(1)-(3), FRCP 56(e)(1), and (4), so that this matter can be decided on the merits The untimeliness of plaintiff's filing resulted from circumstances outside of his control and his present counsel's control and not from willfulness and/or bad faith

DATED this 18th day of December, 2025.

TRIAL ATTORNEY

By: _____
Sarah L. Lee, WSBA# 27364
Attorney for Plaintiff Price

PLAINTIFF'S RESPONSE TO ORDER
TO SHOW CAUSE - 3

**ER_56**

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN PRICE, an individual,

                        Plaintiff,

            v.

DICK'S SPORTING GOODS, INC., a
foreign profit corporation; and JOHN
DOE, an individual,

                        Defendants.

No. 3:24-cv-05585-TLF

CERTIFICATE OF FILING AND
SERVICE

I hereby certify that a true copy of the foregoing Plaintiff's Response to Order to Show Cause, Dkt. 43 was served via email and court e-Filing  on:

**CHOCK BARHOUM LLP**

**Sarah Tuthill-Kveton, WSBA #51801**
Email: sarah@chockbarhoum.com
e-service@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland OR 97204
(503) 223-2000
Attorney for Defendant Dick's Sporting Goods, Inc.

**John R. Barhoum, WSBA #42776**
Email: sarah@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland OR 97204
(503) 223-2000
Attorney for Defendant Dick's Sporting Goods, Inc.

PLANTIFF'S RESPONSE
TO ORDER TO SHOW CAUSE - 4

**ER_57**

SARAH L. LEE
Trial Attorney
705 S. 9th St., Suite 104
Tacoma, WA  98465
ph. (253) 224-4450
Sweetwater72@gmail.com

**Other Documents**

3:24-cv-05585-TLF Price v. Dick's
Sporting Goods Inc et al

CONSENT,JURYDEMAND,PROTO

## U.S. District Court

### United States District Court for the Western District of Washington

**Notice of Electronic Filing**

The following transaction was entered by Lee, Sarah on 12/18/2025 at 11:44 AM PST and filed on 12/18/2025
**Case Name:**          Price v. Dick's Sporting Goods Inc et al
**Case Number:**        3:24-cv-05585-TLF
**Filer:**              Justin Price
**Document Number:** 45

**Docket Text:**
**PRAECIPE to attach document *Complete Lee Declaration* re [40] Declaration by Plaintiff Justin Price (Attachments: # (1) Exhibit Complete Lee Declaration)(Lee, Sarah)**


**3:24-cv-05585-TLF Notice has been electronically mailed to:**

John R Barhoum     john.barhoum@chockbarhoum.com, christine.molstrom@chockbarhoum.com, john.barhoum@gmail.com

Sarah Tuthill-Kveton     sarah@chockbarhoum.com

Sarah L Lee     sweetwater72@gmail.com, Jana.Weaver@Seattle.gov

**3:24-cv-05585-TLF Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1035929271 [Date=12/18/2025] [FileNumber=10652669
-0] [405b1fb674980b466dfea240a57f3299cd73f0363b8f3079d7c5a864ab3ffc90a
621b6db73ea8f72304e4659741d72e2b77bc92d783c480945948b027e664de2]]
**Document description:**Exhibit Complete Lee Declaration
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1035929271 [Date=12/18/2025] [FileNumber=10652669
-1] [2c5e7c94224ffd85cca900729f62f2939d5a6e1c83e2a3db7bc04742eb28f6f74
2b62071ede6900697a3b0e7c9f249e8d2296bdfb0ff4be71ffa73270970ae88]]

**ER_58**

## Other Documents

[3:24-cv-05585-TLF Price v. Dick's Sporting Goods Inc et al](#)

CONSENT,JURYDEMAND,PROTO

## U.S. District Court

### United States District Court for the Western District of Washington

### Notice of Electronic Filing

The following transaction was entered by Lee, Sarah on 12/18/2025 at 11:41 AM PST and filed on 12/18/2025

**Case Name:** Price v. Dick's Sporting Goods Inc et al
**Case Number:** [3:24-cv-05585-TLF](#)
**Filer:** Justin Price
**Document Number:** [44](#)

**Docket Text:**
**PRAECIPE to attach document *Complete Price Declaration* re [39] Declaration by Plaintiff Justin Price (Attachments: # (1) Exhibit Complete Price Declaration)(Lee, Sarah)**

**3:24-cv-05585-TLF Notice has been electronically mailed to:**

John R Barhoum     john.barhoum@chockbarhoum.com, christine.molstrom@chockbarhoum.com, john.barhoum@gmail.com

Sarah Tuthill-Kveton     sarah@chockbarhoum.com

Sarah L Lee     sweetwater72@gmail.com, Jana.Weaver@Seattle.gov

**3:24-cv-05585-TLF Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1035929271 [Date=12/18/2025] [FileNumber=10652661
-0] [d3708a5c60dcfc7cb9a727a7786e99ea2dd3340346ac986a46d90830c80bb6acd
909628a3372629a66746b5ebce6e82fc9343625ce674882cab54c63ac5d0ea7]]
**Document description:**Exhibit Complete Price Declaration
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1035929271 [Date=12/18/2025] [FileNumber=10652661
-1] [96f4302587ebd87184414b2db978f5e3eb7a5b8c3c08c22bf75457d35b7b6bf90
b73c41e8ddefa40279a0e11ab64ecba07c3b4634774c37f3d6ab1185d7c7699]]

**ER_59**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN PRICE,

                    Plaintiff,

        v.

DICK'S SPORTING GOODS, et al.,

                    Defendants.

Case No. 3:24-cv-05585-TLF

ORDER TO SHOW CAUSE

On October 23, 2025, Defendant Dick's Sporting Goods filed a motion for summary judgment. Dkt. 29. The motion was re-noted from November 21, 2025, to December 5, 2025. Dkt. 35. The Court set the motion for oral argument, which is scheduled for December 22, 2025. Dkt. 37.

Plaintiff filed his response to the motion on December 17, 2025. Dkt. 38. In considering Western District of Washington's Local Civil Rule 7(d) and defendant's notice to re-note their motion, plaintiff's response to the summary judgment motion was due on November 28, 2025. Plaintiff's response, filed today, is untimely.

Pursuant to Local Civil Rule 7(j), if plaintiff intended to move the Court for an extension of time to file a response, the motion should have been filed before the November 28, 2025, deadline. "If a true, unforeseen emergency exists that prevents a party from meeting a deadline, and the emergency arose too late to file a motion for relief from the deadline, the party should contact the adverse party, meet and confer

ORDER TO SHOW CAUSE - 1                    **ER_60**

regarding an extension, and file a stipulation and proposed order with the court." *Id.* Plaintiff did not file a motion for extension of time or file a stipulation with the Court.

The Court ORDERS plaintiff to show cause why he did not file a timely response to defendant's summary judgment motion. Plaintiff may also file a stipulation after meeting and conferring with defendant setting a new deadline for defendant to file a reply brief to the motion for summary judgment. Plaintiff is ORDERED to either show cause or file a stipulation by December 19, 2025.

Dated this 18th day of December, 2025.

Theresa L. Fricke
United States Magistrate Judge

**ER_61**

ORDER TO SHOW CAUSE - 2

HON. THERESA L. FRICKE

Sarah L. Lee, WSBA No. 27364
Trial Attorney
Email: Sweetwater72@gmail.com
924 S. Sunset Dr.
Tacoma, WA 98465
Telephone: 253-224-4450

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN PRICE, an individual,

                               Plaintiff,

          v.

DICK'S SPORTING GOODS, INC., a
foreign profit corporation; and JOHN
DOE, an individual,

                             Defendants.

No. 3:24-cv-05585-TLF

DECLARATION OF SARAH L. LEE
WITH CERTIFICATE OF SERVICE

NOTE ON MOTION CALENDAR:
Monday, December 22, 2025, at
9:30 a.m. in F Courtroom

I, Sarah L. Lee, declare as follows:

1.      I am the attorney of record representing plaintiff Justin Price ("Plaintiff") in the above-entitled matter. I submit this declaration to support Plaintiff Opposition to Defendant's Motion for Summary Judgment. I have reviewed support Plaintiff Opposition to Defendant's Motion for Summary Judgment and know the contents to be true and correct to the best of my

SARAH LEE DECLARATION OPPOSING MSJ - 1

**ER_62**

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

# EXHIBIT A



DEF_000005

ER_64



DEF_000006

ER_65

# EXHIBIT B

# FILED UNDER SEAL

# EXHIBIT C

**ER_67**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

JUSTIN PRICE, an individual,                )
                                             )
                 Plaintiff,                  )
                                             )
          vs.                                )  Case No.
                                             )  3:24-cv-05585-TLF
DICK'S SPORTING GOODS, INC.,                 )
a foreign profit corporation;               )
and JOHN DOE, an individual,                 )
                                             )
                 Defendants.                 )
                                             )

VIDEOCONFERENCE DEPOSITION OF

BAILEY ROGER SMITH

Taken in behalf of Plaintiff

* * *

May 8, 2025

Renton, Washington

SINEAD R. WILDER, RPR, CSR, CCR

Court Reporter

**ER_68**

Page 1

Veritext Legal Solutions
Calendar-PNW@veritext.com 800.831.6973

A.    I do not remember.

Q.    All right.  Okay.  So after you offered to help him -- or came to him to offer some aid, what happened next?

A.    I don't remember what happened next.

Q.    Well, we know, at least at some point, it -- the two of you end up on the escalator going down to the first floor from the second; is that right?

A.    Yeah.

Q.    Okay.  So -- so is it fair to assume that after you came to help him, the -- the two of you at some point decide to go ahead down to the first floor, presumably so he could go and purchase his goods?

A.    Yes.

Q.    Okay.  And were you -- is the plan then for you to presumably help him get the goods to at least the checkout in the front of the store?

A.    Yeah.

Q.    Okay.  All right.  So why -- why did you elect to use the escalator with those -- with Mr. Price and the canopies and the weight boxes?

A.    That's the way it was always done.

Q.    Okay.

A.    When --

Q.    What do you mean, that's the way it's always

ER_69                                    Page 16

done?

A. That's the way I always carried things down, in that aspect.

Q. Okay. How come?

A. It was the quickest route.

Q. Okay. Is it true there was an elevator available?

A. Yes.

Q. Okay. All right. What kind of things would an associate at a store use the elevator for?

A. Pallets of inventory, canoes, boxes of bikes.

Q. Okay. So large things?

A. Yeah.

Q. Heavy things? Would that be fair to say?

A. Yeah.

Q. Okay. Was the elevator available for customers to use also?

A. There's a passenger elevator and then a freight elevator.

Q. Okay. So at least the passenger elevator is available for customers to use?

A. Yeah.

Q. Okay. Do you know how Mr. Price got to the second floor that day?

**ER_70**

Page 17

A.   No.

Q.   Okay.   Do you know -- is there any reason that, on the date of the -- that incident when the escalator stopped on October 2021, that you and he couldn't have taken the escalator down?

A.   I'm sorry.   Can you say that again?

Q.   Yeah.   Yeah.

Is there any reason that you and Mr. Price couldn't have taken the escalator down with the canopy and weights box?   The elevator instead of escalator is what I meant to say.

A.   No.

Q.   Okay.   So -- and if you -- like, for instance, like, if you had said, Hey, let's go over here and take the elevator down, there would have been nothing that would have prevented you and he from using that, then -- the elevator on that day?

A.   I don't believe so, no.

Q.   Okay.   Had you used the elevator, whether the customer elevator or freight elevator, to move heavy items between the second and first floor when you were an associate?

A.   I'm sorry.   Say it again?

Q.   Sure.

When you were an associate at Dick's, had

elevator, for example?

A. If they were trying to move it themselves.

Q. Okay.

A. That would be the only time for a kayak.

Q. Otherwise, you would help them, and you'd be able to take it down the escalator safely, if they had help?

A. Yeah.

Q. Okay. Did you ever have any other occasions, other than this one with Mr. Price, where you were aware of the escalator being stopped suddenly or -- or immediately?

A. That's the only time.

Q. Okay. This is the only time that you ever saw anything get jammed in the elevator (sic) and stop it?

A. Yes.

Q. Okay. Did you see -- were you able to observe or watch anything that might have happened with Mr. Price when the escalator stopped? Did you see him at that moment when the escalator came to a sudden stop?

A. I do not remember.

Q. So you don't know what happened to him necessarily at the moment that it stopped?

Page 20

A.    No.

Q.    Okay.  And did it stop suddenly, the escalator?  Was it, like, an immediate, brakes-on stop?

A.    I do not entirely remember.

Q.    Okay.  Were you able to restart the escalator after it stopped?

A.    I don't think so.  I did not have the ability to do that.  That was not something I could do.

Q.    Okay.  Did -- after -- after the escalator had stopped, because the -- the canopy had -- had, I guess, jammed in the bottom of it, did you ever piece together what had happened?  Like, how that canopy had come to get stuck or lodged in the bottom of the escalator?

A.    Are you asking -- could you rephrase it a little bit?

Q.    Yeah.  Yeah.

Do you know why the canopy came to get stuck in the bottom of the escalator?

A.    From what I remember is he dropped it.

Q.    Okay.  And how -- how high up on the escalator was Mr. Price when he -- he dropped the canopy?

**ER_73**

Page 21

A.    I do not remember.

Q.    Okay.  Do you know why he dropped the canopy?

A.    No.

Q.    Do you know what caused him to drop the canopy?

A.    No.

Q.    Okay.  And he was carrying two canopies at the time?

A.    Yeah.

Q.    Okay.  And so it was just one of them that slipped off of his -- out of his arms or out of his control?

A.    Mm-hmm.

Q.    Yes?

A.    Yes.

Q.    And then it slid down the remaining steps of the escalator and hit the bottom?

A.    Yeah.

Q.    Okay.  And where were you at that moment that the escalator -- that the escalator stopped?

A.    At the bottom, off of it.

Q.    Okay.  You were already off the escalator tread when it stopped?

A.    Yeah.

Veritext Legal Solutions
Calendar-PNW@veritext.com 800.831.6973

# EXHIBIT D

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

---

JUSTIN PRICE, an individual,   )
    )
    )
    Plaintiff,   )
    )   No. 3:24-cv-05585-TLF
  vs.   )
    )
DICK'S SPORTING GOODS,   )
INC., a foreign profit   )
corporation; and JOHN   )
DOE, an individual,   )
    )
    Defendants.   )

---

VIDEOCONFERENCE DEPOSITION UPON ORAL EXAMINATION OF

HILARY RHIANNON SMITH

---

TIME:          9:30 a.m., Friday, April 4, 2025
TAKEN AT:      4502 S. Steele Street
            Tacoma, Washington

CALLED BY:     Plaintiff

REPORTED BY:    ChaRae Kent, CCR, RPR
            License No. 2408

**ER_76**

Page 1

Q. Okay. Do you -- are you trained on anything at Dick's about, hey, safety is more important than speed? Have you ever heard that before?

A. I'm sure there's been something. I can't say for sure, though.

Q. Would you agree with that it is better to do something safely than to do it swiftly?

A. I can agree to that, yeah.

Q. Okay. All right. So on the date of the incident, when you saw Mr. Price trying to move two popup tents down the escalator, did you try to intervene and offer any help or tell him --

A. I didn't see him moving down the escalator with them until the end of the incident.

Q. Okay.

A. When it had already slipped out of his hands.

Q. So you didn't have an opportunity to say, hey, maybe you should try the elevator with those?

A. No.

Q. Okay. Okay. And you didn't have an opportunity to say, hey, let me try to help you carry one of those so you're not --

A. No.

Q. -- carrying them?

        MS. RALL: Hilary, make sure you let Mr. McCormick

                                        Page 24

finish his question before you answer. I know that's --
you probably know where he's going with some of these.
It's just important for the court reporter.

THE WITNESS: Okay.

MR. MCCORMICK: No problem. You're doing great.
We're moving through this at -- in short order here.

BY MR. MCCORMICK: (Continuing)

Q. Okay. Let me do this: We'll go back to the incident.
But I want to stay in this document here for a minute.
Bear with me just for a second. Okay. Here it is. It is
on the same page. Let me ask you about this section here,
Escalator Shut Down Procedure. Okay.

First, I know you haven't seen this document before
today. But have you ever been trained at Dick's on shut
down of the escalator, how that works and how to do it?

A. I would say I have a knowledge. I wouldn't say I've been
trained.

Q. Okay. Okay. It says, I'm going to read from this
passage, it is on DEF000003 again. It says "Unless there
is an immediate risk to personal safety, only press the
stop button when the escalator is empty so a sudden stop
will not engager riders."

Okay. Would you agree that a sudden stop, as this
policy infers, would endanger riders?

A. Potentially, yes.

Page 25

CERTIFICATE

STATE OF IDAHO           )
                         )  ss.
COUNTY OF BONNER         )

This is to certify that I, ChaRae Kent, the undersigned Washington Certified Court Reporter, residing at Priest River, reported the within and foregoing deposition on the date herein set forth; that the deponent was first by me duly sworn pursuant to RCW 5.28.010, which authorizes me to administer oaths and affirmations; that said examination was taken by me in shorthand and thereafter transcribed, and that same is a full, true, and correct record of the testimony of said witness, including all questions, answers and objections, if any, of counsel.

I further certify that I am not a relative or employee or attorney or counsel of any the parties, nor am I financially interested in the outcome of the cause.

This transcript and invoice have been prepared and submitted for final production and delivery in accordance with all Washington State laws, rules and regulations, including WAC-308-14-130, WAC 308-14-135, RCW 18-145, and applicable court rules regulating formatting and equal terms requirements. Alterations, changes, fees or charges that violate any of these provisions are not authorized by me.

This certification does not apply to reproduction of this transcript by any means unless under my direct supervision and control.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Washington State CCR number this  18th__  day of  April_        , 2025.

CHARAE KENT, RPR, CCR
Certified Court Reporter in
The State of Washington
License CCR No. 2408

Page 43

# EXHIBIT E



# EXHIBIT F



**ER_83**

# EXHIBIT G



# EXHIBIT H

**INTERROGATORY NO. 7.** If "you" have taken, or are in possession of, any photographs and/or videos of any kind taken at any time of the plaintiff(s), please provide the following information:

a) The dates of each photograph and/or video;

b) The "identity" of each person taking the photograph(s) and/or video(s);

c) The subject or subjects of each photographic session specified in section (a); and

**ANSWER:** Defendant will produce video footage pursuant to a stipulated protective order.

**REQUEST FOR PRODUCTION E.** Pursuant to CR 34, produce copies of any photographs, videos or moving pictures identified in response to Interrogatory No. 7, above.

**RESPONSE:** Defendant will produce video footage pursuant to a stipulated protective order.

**INTERROGATORY NO. 8.** Please "identify" every "person" who interacted with Plaintiff while he was in your Tacoma Mall Dick's location on or about October 10, 2021.

**ANSWER:** Plaintiff's request is overly broad, may include persons that have no relation to this incident and seeks information Defendant does not have. On information and belief, employee Bailey Smith interacted with Plaintiff.

**INTERROGATORY NO. 9.** Provide identity (time, address, phone number and job title) of the store employee identified as "John Doe" who interacted with Price on or about October 10, 2021.

**ANSWER:** Defendant objects because John Doe is not specific. Without waiving objection, the employee who interacted with Plaintiff is Bailey Smith.

///

///

DEFENDANT DICK'S SPORTING GOODS, INC.'S RESPONSE TO FIRST
INTERROGATORIES AND REQUEST FOR PRODUCTION PROPOUNDED BY
PLAINTIFF JUSTIN PRICE - 6
DIC017.0007

**REQUEST FOR PRODUCTION K.** Pursuant to CR 34, produce a copy of any "incident" report which references or describes the incident described in Plaintiff's complaint.

**RESPONSE:** Objection to the extent this request seeks information protected by the attorney client and work product privileges and confidential documents not subject to disclosure.

ANSWERS AND OBJECTIONS DATED this 6th day of August, 2024, in conformance with CR 26(g).

Dated this 6th day of August, 2024.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
Electronic service: e-service@chockbarhoum.com
Attorneys for Defendant Dick's Sporting Goods, Inc.

Dated this 6th day of August, 2024.

**CHOCK BARHOUM LLP**

John R. Barhoum, WSBA #42776
Email: john.barhoum@chockbarhoum.com
Electronic service: e-service@chockbarhoum.com
Attorneys for Defendant Dick's Sporting Goods, Inc.

DEFENDANT DICK'S SPORTING GOODS, INC.'S RESPONSE TO FIRST
INTERROGATORIES AND REQUEST FOR PRODUCTION PROPOUNDED BY
PLAINTIFF JUSTIN PRICE - 9
DIC017.0007

**ER_88**

# EXHIBIT I



SARAH TUTHILL-KVETON
*Admitted in Idaho, Oregon & Washington*
Direct: (971) 302-6426
Email: sarah@chockbarhoum.com

December 13, 2024

**VIA EMAIL ONLY**
James McCormick
100 S 9th Street
Tacoma, WA 98402
jmccormick@epic-law.com

      RE:     ***Price v. Dick's Sporting Goods***
                  US District Court - Western District of Washington, Tacoma Division
                  Case No. 3:24-cv-05585
                  Our File No.: DIC017.0007

Dear James:

Enclosed please find supplemental responses to Plaintiff's First Interrogatories and Request for Production.

**INTERROGATORY NO. 6:** Plaintiff is in receipt of responsive video footage. No other video footage or other photographs exist. In further response:

     a)   October 20, 2021;

     b)   Plaintiff Woods and employee Terrance Bailey;

     c)   Defendant and Plaintiff have custody of the video footage.

**REQUEST FOR PRODUCTION D.:** Please see responsive video footage previously produced as Bates No. DEF_000001.

**ER_90**

December 13, 2024
Page 2

**INTERROGATORY NO. 7:** Plaintiff is in receipt of responsive video footage produced as Bates No.DEF_000001. No other video footage or other photographs exist. In further response:

    d)  October 20, 2021;

    e)  Video surveillance system;

    f)  Plaintiff Woods and employee Terrance Bailey.

**REQUEST FOR PRODUCTION E.:** Please see responsive video footage previously produced as Bates No. DEF_000001.

**INTERROGATORY NO. 11:** In supplemental response to Interrogatory No. 11, Defendant asserts that ASME A17.1, 2016, Washington Elevator and Escalator Code, may apply to the operation of the escalator within the store. Defendants do not assert or admit that the escalator is at issue in this matter.

**REQUEST FOR PRODUCTION F.:** See responsive document previously produced as Bates No. DEF_000002-000004. Defendant has no other responsive documents.

**REQUEST FOR PRODUCTION G.:** In supplemental response to Request for Production G., please see enclosed the responsive photographs of signage produced as Bates No. DEF_000005-000006.

**REQUEST FOR PRODUCTION H.:** In supplemental response to Request for Production H., Defendant has no responsive documents.

**REQUEST FOR PRODUCTION I.:** In supplemental response to Request for Production I., Defendant has no responsive documents.

**ER_91**

# EXHIBIT J

## RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 13**: Identify by store number and location each of your stores from 1-1-2017 to the present where escalators are installed.

**ANSWER**: Defendant objects to this interrogatory as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant admissible evidence.

**REQUEST FOR PRODUCTION NO. L:** Pursuant to CR 34, produce copies of Vertical Transportation (Escalators and Elevators) policies applicable to each store identified in your response to Interrogatory No. 13 from 1-1-2017 to present.

**RESPONSE:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant admissible evidence. Without waiving these objections, Plaintiff is in possession of the relevant policy previously produced as Vertical Transportation [Escalators and Elevators] bates stamped DEF_000002-000004.

**INTERROGATORY NO. 14**: Identify by store number and location each of your stores from 1-1-2017 to the present where injury incidents or complaints of injury have occurred on escalators.

**ANSWER**: Defendant objects to this interrogatory as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant admissible evidence.

**INTERROGATORY NO. 15:** If the answer to the preceding interrogatory is affirmative, for each "injury" give the following information for each "investigation" conducted by you from 1-1-2017 to present:

a) The name of each "person" making the "investigation;"

b) The name of the "person" at whose direction the "investigation" was made;

c) The date the "investigation" commenced and the date it was concluded; and

d) Whether or not any "document" was prepared as a result of the "investigation."

DEFENDANT DICK'S SPORTING GOOD'S RESPONSE TO PLAINTIFF'S SECOND INTERROGATORIES AND REQUEST FOR PRODUCTION - 3

**ANSWER:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant admissible evidence. Defendant further objects that this interrogatory may seek information protected by the attorney client and work product privileges.

**REQUEST FOR PRODUCTION NO. M:** Pursuant to CR 34, produce copies of any documents, including but not limited to photographs, videos or moving pictures identified in response to Interrogatory No. 15, above. This request for production includes but is not limited to store security footage of injuries or complaints of injuries on escalators at your stores from 1-1-2017 to present.

**RESPONSE:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant admissible evidence. Defendant further objects that this interrogatory may seek information protected by the attorney client and work product privileges.

**INTERROGATORY NO. 16:** Identify by store number and location each of your stores from 1-1-2017 to the present where merchandise purchased by your customers has resulted in a safety stoppage of an escalator.

**ANSWER:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant admissible evidence. Without waiving these objections, Defendant will search for any responses to this interrogatory for two years prior to this incident and two years after this incident and produce any responsive, non-privileged information to the extent it exists for the store in question only.

**REQUEST FOR PRODUCTION NO. N:** Pursuant to CR 34, produce copies of any documents, including but not limited to photographs, videos or moving pictures identified in

DEFENDANT DICK'S SPORTING GOOD'S RESPONSE TO PLAINTIFF'S SECOND INTERROGATORIES
AND REQUEST FOR PRODUCTION - 4

**RESPONSE:** Objection to the extent this request may seek information protected by the attorney client and work product privileges, is overly broad, unduly burdensome, and not calculated to lead to the discovery or relevant admissible evidence.

**INTERROGATORY NO. 19.** Identify any disciplinary actions taken against employees or managers from January 1, 2017, to the present for directing or permitting customers to use escalators while carrying large or heavy merchandise.

**ANSWER:** Objection to the extent this request is overly broad, unduly burdensome, not calculated to lead to the discovery of relevant, admissible evidence and seeks privileged information not subject to disclosure. Without waiving objection, Defendant has no responsive documents for the store in question.

**REQUEST FOR PRODUCTION S:** Produce all documents related to the disciplinary actions identified in your response to Interrogatory No. 19, including investigation reports, witness statements, and disciplinary notices.

**RESPONSE:** See Defendant's Response to ROG 19, incorporated herein.

DATED this 14th day of July, 2025.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton

John R. Barhoum, WSBA No. 42776
Email: john.barhoum@chockbarhoum.com
Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
Ellen M. Rall, WSBA #56945
Email: ellen.rall@chockbarhoum.com
Electronic Service: e-service@chockbarhoum.com
Attorney for Defendant Dick's Sporting Goods, Inc.

DEFENDANT DICK'S SPORTING GOOD'S RESPONSE TO PLAINTIFF'S SECOND INTERROGATORIES AND REQUEST FOR PRODUCTION - 7

ER_95

# EXHIBIT K

## RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 13**: Identify by store number and location each of your stores from 1-1-2017 to the present where escalators are installed.

**ANSWER**: Defendant objects to this interrogatory as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant admissible evidence.

**REQUEST FOR PRODUCTION NO. L:** Pursuant to CR 34, produce copies of Vertical Transportation (Escalators and Elevators) policies applicable to each store identified in your response to Interrogatory No. 13 from 1-1-2017 to present.

**RESPONSE:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant admissible evidence. Without waiving these objections, Plaintiff is in possession of the relevant policy previously produced as Vertical Transportation [Escalators and Elevators] bates stamped DEF_000002-000004. **Without waiving objections, please see attached additional relevant Vertical Transportation [Escalators and Elevators] policy bates stamped as DEF_000008-000010.**

**INTERROGATORY NO. 14**: Identify by store number and location each of your stores from 1-1-2017 to the present where injury incidents or complaints of injury have occurred on escalators.

**ANSWER**: Defendant objects to this interrogatory as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant admissible evidence. **Without waiving objection, with respect to the store in question, none.**

**INTERROGATORY NO. 15**: If the answer to the preceding interrogatory is affirmative, for each "injury" give the following information for each "investigation" conducted by you from 1-1-2017 to present:

DEFENDANT DICK'S SPORTING GOOD'S AMENDED RESPONSE TO PLAINTIFF'S SECOND INTERROGATORIES AND REQUEST FOR PRODUCTION - 3

ER_97

# EXHIBIT L

## RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 13**: Identify by store number and location each of your stores from 1-1-2017 to the present where escalators are installed.

**ANSWER**: Defendant objects to this interrogatory as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant admissible evidence.

**REQUEST FOR PRODUCTION NO. L:** Pursuant to CR 34, produce copies of Vertical Transportation (Escalators and Elevators) policies applicable to each store identified in your response to Interrogatory No. 13 from 1-1-2017 to present.

**RESPONSE:** Defendant objects to this request as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant admissible evidence. Without waiving these objections, Plaintiff is in possession of the relevant policy previously produced as Vertical Transportation [Escalators and Elevators] bates stamped DEF_000002-000004. Without waiving objections, please see attached additional relevant Vertical Transportation [Escalators and Elevators] policy bates stamped as DEF_000008-000010.

**INTERROGATORY NO. 14**: Identify by store number and location each of your stores from 1-1-2017 to the present where injury incidents or complaints of injury have occurred on escalators.

**ANSWER**: Defendant objects to this interrogatory as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant admissible evidence. Without waiving objection, with respect to the store in question, none.

**AMENDED ANSWER: Defendant objection to this interrogatory as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant admissible evidence. Without waiving these objections, Defendant will agree to produce two prior incidents related to complaints of injury from falling merchandise on an escalator pursuant to the stipulated protective order in this case. Defendants maintain these incident reports are**

DEFENDANT DICK'S SPORTING GOOD'S SECOND AMENDED RESPONSE TO PLAINTIFF'S SECOND INTERROGATORIES AND REQUEST FOR PRODUCTION - 3

irrelevant to this case but are being produced only to show the incidents are not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 15**: If the answer to the preceding interrogatory is affirmative, for each "injury" give the following information for each "investigation" conducted by you from 1-1-2017 to present:

a) The name of each "person" making the "investigation;"

b) The name of the "person" at whose direction the "investigation" was made;

c) The date the "investigation" commenced and the date it was concluded; and

d) Whether or not any "document" was prepared as a result of the "investigation."

**ANSWER**: Defendant objects to this interrogatory as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant admissible evidence. Defendant further objects that this interrogatory may seek information protected by the attorney client and work product privileges. Without waiving objections, with respect to the store in question, see Defendant's response to interrogatory number 14, indicating there were no prior injuries and thus no response to interrogatory 15.

**AMENDED ANSWER:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant admissible evidence. Defendant further objects that this interrogatory may seek information protected by the attorney client and work product privileges. Without waiving these objections, see response to Interrogatory No. 14. Defendant agrees to produce the incident reports pursuant to the stipulated protective order in this case.

**REQUEST FOR PRODUCTION NO. M:** Pursuant to CR 34, produce copies of any documents, including but not limited to photographs, videos or moving pictures identified in response to Interrogatory No. 15, above. This request for production includes but is not limited to

DEFENDANT DICK'S SPORTING GOOD'S SECOND AMENDED RESPONSE TO PLAINTIFF'S SECOND INTERROGATORIES AND REQUEST FOR PRODUCTION - 4

store security footage of injuries or complaints of injuries on escalators at your stores from 1-1-2017 to present.

RESPONSE: Defendant objects to this interrogatory as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant admissible evidence. Defendant further objects that this interrogatory may seek information protected by the attorney client and work product privileges. Without waiving objection, Defendant has no responsive documents.

**AMENDED RESPONSE: Defendant objects to this request as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant admissible evidence. Defendant further objects that this request may seek information protected by the attorney client and work product privileges. Without waiving these objections, see response to Interrogatory No. 14. Defendant agrees to produce the incident reports pursuant to the stipulated protective order in this case. Any photographs or video to the extent it exists will not be produced of other customers not related to this case.**

INTERROGATORY NO. 16: Identify by store number and location each of your stores from 1-1-2017 to the present where merchandise purchased by your customers has resulted in a safety stoppage of an escalator.

ANSWER: Defendant objects to this interrogatory as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant admissible evidence. Without waiving these objections, defendant has no responsive documents for the store at issue in this case.

**AMENDED ANSWER: Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant admissible evidence. Without waiving these objections, see response to Interrogatory No. 14.**

REQUEST FOR PRODUCTION NO. N: Pursuant to CR 34, produce copies of any documents, including but not limited to photographs, videos or moving pictures identified in

DEFENDANT DICK'S SPORTING GOOD'S SECOND AMENDED RESPONSE TO PLAINTIFF'S SECOND INTERROGATORIES AND REQUEST FOR PRODUCTION - 5

**REQUEST FOR PRODUCTION S:** Produce all documents related to the disciplinary actions identified in your response to Interrogatory No. 19, including investigation reports, witness statements, and disciplinary notices.

**RESPONSE:** See Defendant's Response to ROG 19, incorporated herein.

DATED this 17th day of October, 2025.

**CHOCK BARHOUM LLP**

John R. Barhoum, WSBA No. 42776
Email: john.barhoum@chockbarhoum.com
Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
Attorney for Defendant Dick's Sporting Goods, Inc.

DEFENDANT DICK'S SPORTING GOOD'S SECOND AMENDED RESPONSE TO PLAINTIFF'S SECOND INTERROGATORIES AND REQUEST FOR PRODUCTION - 9

ER_102

HON. THERESA L. FRICKE

Sarah L. Lee, WSBA No. 27364
Trial Attorney
Email: Sweetwater72@gmail.com
924 S. Sunset Dr.
Tacoma, WA 98465
Telephone: 253-224-4450

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN PRICE, an individual,

                              Plaintiff,

v.

DICK'S SPORTING GOODS, INC., a
foreign profit corporation; and JOHN
DOE, an individual,

                              Defendants.

No. 3:24-cv-05585-TLF

DECLARATION OF JUSTIN PRICE
WITH CERTIFICATE OF SERVICE

NOTE ON MOTION CALENDAR:
Monday, December 22, 2025, at
9:30 a.m. in F Courtroom

I, Justin Price, declare as follows:

1.      I am over the age of 21, am competent to testify, and make this declaration based upon my own personal knowledge and memory.

JUSTIN PRICE DECLARATION IN OPPOSITION TO MSJ - 1

**SARAH L. LEE**
Trial Attorney
705 S. 9th St. Suite 104
Tacoma, WA 98405
ph. (253) 224-4450
Sweetwater72@gmail.com

ER_103

2.     On October 10, 2021, I walked into Dick's Sporting Goods because I was going to buy canopy tents.

3.     I walked onto the escalator which was going up to the second floor.

4.     I found the canopy tents I was looking to buy.

5.     After I found the canopy tents, I determined that they were too heavy to carry by myself and started walking around the second floor while looking for some employee to help me take the canopy tents and weights to the cashier.

6.     I spotted a male store employee and told him that I wanted to buy the canopy tents and weights and needed help taking it downstairs.

7.     I told the employee that I needed two boxes of canopy weights, which weighed about 80 lbs. total of 40 lbs. each.

8.     The employee responded and said he would grab the weights and would help me.

9.     After the employee picked up the canopy weights he headed for the escalator with him in front of me. I followed him onto the escalator.

10.     The employee did not alert me of the option to use the elevator instead of carrying the heavy and bulky canopy items down the escalator.

JUSTIN PRICE DECLARATION IN OPPOSITION TO MSJ - 2

**SARAH L. LEE**
Trial Attorney
705 S. 9th St. Suite 104
Tacoma, WA 98405
ph. (253) 224-4450
Sweetwater72@gmail.com

ER_104

11.    This employee did not warn me about carrying the heavy and bulky canopy tent items before he got on the downward escalator and before I followed him onto the escalator.

12.    At that time, the employee had seen I had two 10 feet by 10 feet canopy tents in my arms. One canopy had a yellow cover and the other had a blue cover and they were approximately 4 foot in height.

13.    While I was on the escalator, part of the yellow canopy tent I was holding in my left hand came in contact with the escalator and the contact forced the tent out of my hand.

14.    The yellow canopy tenant slid down the escalator approaching the store employee.

15..    The store employee tried to retrieve the dropped canopy using his feet but was unsuccessful because his hands were full with two boxes of 40lb. canopy weights.

16.    The yellow canopy then hit the bottom end of the escalator on the first floor.

17.    When the yellow canopy hit the bottom end of the escalator, it jolted the escalator to a sudden, unexpected stop, while I was still on it.

18.    The sudden stop of the escalator caused me to lose my footing, but I caught myself, avoiding falling down the escalator.

19.    While catching myself, from falling, my right knee twisted.

JUSTIN PRICE DECLARATION IN OPPOSITION TO MSJ - 3

**SARAH L. LEE**
Trial Attorney
705 S. 9th St. Suite 104
Tacoma, WA 98405
ph. (253) 224-4450
Sweetwater72@gmail.com

ER_105

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN PRICE, an individual,

                      Plaintiff,

   v.

DICK'S SPORTING GOODS, INC., a
foreign profit corporation; and JOHN
DOE, an individual,

                      Defendants.

No. 3:24-cv-05585-TLF

CERTIFICATE OF FILING AND
SERVICE

I hereby certify that a true copy of the foregoing DECLARATION OF JUSTIN
PRICE IN OPPOSITION SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT was served via email and court e-Filing on:

**CHOCK BARHOUM LLP**

**Sarah Tuthill-Kveton, WSBA #51801**
Email: sarah@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland OR 97204
(503) 223-2000
Attorney for Defendant Dick's Sporting Goods, Inc.

**John R. Barhoum, WSBA #42776**
Email: sarah@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland OR 97204
(503) 223-2000
Attorney for Defendant Dick's Sporting Goods, Inc.

JUSTIN PRICE DECLARATION IN OPPOSITION TO MSJ - 5

**SARAH L. LEE**
Trial Attorney
705 S. 9th St. Suite 104
Tacoma, WA 98405
ph. (253) 224-4450
Sweetwater72@gmail.com

HON. THERESA L. FRICKE

Sarah L. Lee, WSBA No. 27364
Trial Attorney
Email: Sweetwater72@gmail.com
924 S. Sunset Dr.
Tacoma, WA 98465
Telephone: 253-224-4450

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN PRICE, an individual,

                          Plaintiff,

      v.

DICK'S SPORTING GOODS, INC., a
foreign profit corporation; and JOHN
DOE, an individual,

                          Defendants.

No. 3:24-cv-05585-TLF

PLAINTIFF PRICE'S OPPOSITION
TO MOTION FOR SUMMARY
JUDGMENT

NOTE ON MOTION CALENDAR:
Monday, December 22, 2025, at
9:30 a.m. in F Courtroom

## I.    <u>RELIEF REQUESTED</u>

Plaintiff Justin Price respectfully request the Court to deny defendant Dick's Sporting Goods, Inc. motion for summary judgment because there are genuine issues of material fact whether Dick's breached its duty to plaintiff and caused plaintiff's injuries and damages.

PLAINTIFF PRICE'S OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT - 1

**ER_107**

SARAH L. LEE
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

Alternatively, plaintiff requests the court to continue summary judgment consideration until defendant fully complies with plaintiff's previous discovery requests pursuant to FRCP 56(d) and (f). The defendant has not produced or preserved key documents relevant to its potential liability. This documentation includes additional camera footage, elevator records, escalator records, postings, training records and warnings records.

Defendant stated in its responses to plaintiff's discovery requests that it does not have any additional surveillance footage and provided a short excerpt of footage from one camera in the vicinity of both escalators. However, there are photographs showing an additional camera positioned over the downward escalator. None of that camera footage was ever produced nor was the existence of that camera disclosed by defendant during discovery. This raises serious concerns of spoliation of evidence by defendant, which justice requires to be addressed before the Court.

Ultimately, this heavily fact driven case should proceed to a jury trial for resolution of the factual liability and damages questions. Accordingly, plaintiff respectfully requests the Court to deny Defendant Dick Sporting Good's Inc.'s Motion for Summary Judgment.

## II.     RELEVANT FACTS

This personal injury, negligence action is based upon a sudden abrupt stop of an escalator plaintiff rode as passenger while carrying two large, tent canopies, which occurred on October 10, 2021, within the premises of one of defendant Dick's Sporting Goods, Inc.'s stores, located in Tacoma, Pierce County, Washington.

PLAINTIFF PRICE'S OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT - 2                    **ER_108**

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA  98465
ph. (253) 224-4450
Sweetwater72@gmail.com

### III.   ISSUES

Should defendant's motion for summary judgment be denied when there are multiple genuine issues of material fact whether defendant breached its duty of care to a plaintiff invitee when defendant failed to follow its own safety policies and failed to produce requested evidence highly relevant to the mechanism of injury requested by plaintiff several months prior defendant's motion?

Should defendant's motion for summary judgment be continued and/or denied when there is evidence of possible spoliation of relevant mechanism of injury evidence by defendant?

### IV.   EVIDENCE RELIED UPON

Plaintiff's opposition to defendant's motion for summary judgment is based on the Complaint, Defendant's Answer, other pleadings in the court file and:

1.  Declaration of Sarah L. Lee with exhibits incorporated herein; and

2.  Declaration of Justin Price with exhibits incorporated herein

### V.   PROCEDURAL BACKGROUND

***State Court Removal***

This case was removed from Washington state court based on diversity of citizenship on July 22, 2024. Dkt. 1. It arises from a sudden escalator stop injury incident that occurred on October 10, 2021, at a Dick's Sporting Good's store located at the Tacoma Mall, in Tacoma, Pierce County Washington. Dkt. 1-2.

PLAINTIFF PRICE'S OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT - 3

**ER_109**

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA  98465
ph. (253) 224-4450
Sweetwater72@gmail.com

On July 29, 2024, Defendant filed its Answer to Plaintiff's Complaint. Dkt. 10. The parties consented to proceed with the case before a Magistrate Judge on July 31, 2024. Dkt. 11. On July 31, 2024, the Court issued is Order Regarding Discovery and Depositions. Dkt. 13.

### Discovery

On August 6, 2024, Defendant submitted answers and responses to Plaintiff's June 20, 2024's Interrogatories and Requests for Production. Plaintiff's discovery requests asked for identies of expert witnesses, insurance coverage, incident investigation, premises photographs, video camera footage, witness information, escalator information, employee and company policies, training, employee handbooks, and escalator safety procedures. Defendant did not provide any document productions to plaintiff.

On August 23, 2024, plaintiff served Defendant his Initial Disclosures. Plaintiff's initial disclosures identified the names of his healthcare providers, and two defendant employee witnesses. Plaintiff previously provided Defendant with his post-incident healthcare records and bills. On August 28, 2024, Defendant served plaintiff with its First Request for Discovery to Plaintiff.

On September 5, 2024, plaintiff received Defendant's Initial Disclosures. The initial disclosure identified the names of two witnesses to the relevant incident, but no documentation was produced. There was a reference to a surveillance video, but it's release was conditioned on entry of a stipulated protective order.

On October 7, 2024, Defendant received Plaintiff's Answers to Defendant's First Discovery Requests. Plaintiff provided his healthcare records and bills.

SARAH L. LEE
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

PLAINTIFF PRICE'S OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT - 4

ER_110

On November 13, 2024, the Court signed and entered a Stipulated Protective Order. Dkt. 25. Thirty (30) days later on December 13, 2024, Defendant produced a Schindler Elevator Corp. work order for the escalator (DEF_000007-000008), one mounted "Need a Lift" ssign (EF_0000005), one "Need a Lift" sign on an easel (DEF_000006).

On March 3, 2025, plaintiff sent Plaintiff's Expert Disclosure, which included his healthcare providers. On March 28, 2025, Defendant sent plaintiff Defendant's Expert Disclosures. Defendant identified Dr. Alan Brown as a forensic medical examiner.

On May 15, 2025, the parties filed a Stipulated Motion for Extension of Time and Trial date. Dkt. 26. On May 20, 2025, the Court granted the stipulated motion. Dkt. 27. According to the Stipulated Order the following activities had completion deadline dates consisting of:

- 11/3/2025 Discovery Motions Due
- 12/1/2025 Discovery Completed
- 12/19/2025 Dispositive Motions Due
- 1/5/2026 Mediation Completed
- 1/23/2026 Motions in Limine Due
- 2/6/2026 Pretrial Order Due
- 2/23/2026 Trial Date

On May 21, 2025, Defendant submitted its Supplemental Disclosures. Defendant generally identified an individual representative for Schindler Elevator Corporation. However, Dick's still had not produced the surveillance camera footage. Defendant also served Rebuttal Disclosure re-identifying its forensic medical examiner Dr. Alan Brown.

PLAINTIFF PRICE'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 5

**ER_111**

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

On July 28, 2025, plaintiff served defendant Plaintiff's Primary Witness Disclosure listing the witnesses to the incident and healthcare providers. On October 1, 2025, plaintiff served his Rebuttal Witness Disclosure.

### *Dispositive Motion and Attorney Substitution*

On October 23, 2025, Defendant filed its Motion for Summary Judgment. Dkt. 32. On November 7, 2025, plaintiff's now former legal counsel filed their Motion to Withdraw and Substitution. Dkt. 34. Plaintiff's new legal counsel filed her Notice of Appearance on the same date. Dkt. 33.

## VI.    MATERIAL  FACTS

### *Summary of Incident*

Plaintiff's Complaint for Personal Injuries and Damages in Tort alleges that on October 10, 2021, plaintiff was injured in Dick's Sporting Good's store at the Tacoma Mall, when the escalator he was riding down came to an abrupt and unexpected stop. Dkt. 1-2, Complaint ¶¶ 3.1, 3.9.

### *Reason for Entry on Defendant's Premises*

Plaintiff asserted that he went to Dick's to purchase 2 "pop-up" tent canopies. *Id*., Complaint ¶3.4. Plaintiff found the canopies on the second floor of the store. *Id*., Complaint ¶3.5.  Plaintiff realized the canopies were too large and heavy to carry to the check stand himself and asked a Dick's employee [Bailey Roger Smith] for assistance with the canopies. *Id*., Complaint ¶3.6.

PLAINTIFF PRICE'S OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT - 6

ER_112

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA  98465
ph. (253) 224-4450
Sweetwater72@gmail.com

### *The Defendant Employee Elevator Option*

Plaintiff alleged that Dick's had an elevator available for use which the Dick's employee could have easily and safely used to transport the canopies, but the employee decided not to use the elevator. Dkt. 1-2, Complaint ¶ 3.10, Dkt. 39 *Lee Declaration*, *Ex. C*.

### *Defendant Employee Notice of Elevator Signs*

Dick's has two signs located next to each escalator. The signs state " "**NEED A LIFT? Elevator Located In The Exercise Department**". Dkt. 39, *Lee Declaration*, *Ex. A*, Bates DEF_000005-000006. One of the signs is placed on a large easel.  The other sign is mounted into a sign holder. It is unknown whether the signs were visible and next to the escalator on the day of plaintiff's injury. Defendant's employee knew the location of the elevator. Dkt. 39, *Lee Declaration* , *Ex. C*, p. 17, lines 6-23. Defendant employee B.R. Smith did not remember whether the signs were posted at the time of the October 10, 2021 injury. Dkt. 39 *Lee Declaration*, *Ex. C*, lines 29:9-13

### *Defendant's Policies and Procedures on Elevator and Escalator Use*

Dick's also has a Vertical Transportation Policy and procedures.". Dkt. 39, *Lee Declaration*, *Exhibit B*, Bates DEF_000002-000004 (filed under seal). Dick's employees are required to be alert to customers with special needs/disabilities when using vertical transportation. The employees are also required to clearly indicate the location of elevators for those who cannot use or choose not to use escalators. Id.  Employees are required immediately warn passengers mis-using or riding the escalator in an unsafe manner. *Id.*

PLAINTIFF PRICE'S OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT - 7

**ER_113**

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA  98465
ph. (253) 224-4450
Sweetwater72@gmail.com

***Defendant Employee Acts, Omissions, and Admissions***

Defendant employee B.R. Smith did not alert plaintiff of the option to use the elevator when the employee saw plaintiff with his hands full of heavy canopy items. Defendant employee also did not provide plaintiff with any warning about carrying the heavy canopy items plaintiff was awkwardly carrying down the escalator. Dkt. 39 *Lee Declaration*, *Ex. C*, lines, lines 10, 11.

The Dick's store employee first entered the downward escalator with Plaintiff following behind him. *Id*., Complaint ¶3.7.

As they both were descending downward on the escalator, plaintiff lost his grip of canopy, because part of it got kicked by the escalator stairs. *Id*., Complaint ¶3.8; Dkt. 30, *Ex. A*, p. 43:8-11. The canopy slid down the escalator and hit the bottom landing of the escalator. Id., Complaint ¶3.8. B.R. Smith did not know what caused plaintiff to drop the canopy while on the escalator. Dkt. 39 *Lee Declaration*, *Ex. C*, lines 21:2-7.

***Mechanism of Injury***

When it hit the bottom landing it caused the escalator to instantly and unexpectedly stop. *Id*. When the escalator suddenly stopped, plaintiff almost fell, twisting his right knee, but still was able to catch himself. Dkt. 30, *Ex. A*, p. 43:20-22. B.R. Smith testified he did not remember seeing what might have happened with Mr. Price when the escalator came to a sudden stop. Dkt. 39 *Lee Declaration*, *Ex. C*, p. 20:18-23. Another defendant employee Hilary Rhiannon ("H.R.") Smith, testified at her deposition that she did not see plaintiff moving down the escalator with the canopies until the end of the incident. Dkt. 39 *Lee Declaration*, *Ex. D*, p.

PLAINTIFF PRICE'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 8

**ER_114**

SARAH L. LEE
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

24:9-14. However, H.R. Smith acknowledged in her deposition that she agreed that a sudden stop, as the [vertical transportation] policies would potentially endanger riders. Dkt. 39 *Lee Declaration*, *Ex. D*, p.25:18-25.

### *Injury Manifestation*

B.R. Smith confirmed he apologized to plaintiff after picking up the second canopy that fell out of plaintiff's hands while on the escalator. Plaintiff walked to the first floor using the stopped escalator as step and went to the front of the store to purchase the tents. Dkt. 30, Ex. A, p. 54: 7-13. As plaintiff was waiting in line, he started feeling pain and swelling in his right knee. Dkt. 30, Ex. A, p. 54:14-18. Plaintiff Price after purchasing the items then went to Multicare Urgent Care Indigo at Point Ruston to be evaluated and treated for his right knee pain. Dkt. 40 Price Declaration, paragraph 24.

### *Missing and/or Lost Camera Footage*

There are many cameras throughout the sporting goods store. There is one camera that is above the upward escalator (see next page). Defendant produced camera footage of that one particular camera to plaintiff and this Court. Dkt. 39 *Lee Declaration., Ex E.*

SARAH L. LEE
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

PLAINTIFF PRICE'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 9      **ER_115**



However, there is another, second camera above the downward escalator, which, based on it's location, would be able to show (a) plaintiff and the store employee walking towards the downward escalator, (b) where, when and how one of the tent canopies came out of plaintiff's grip while on the downward escalator; and (c) how plaintiff's body responded to sudden, abrupt stop while still on the downward escalator. (See below) Dkt. 39 Lee Declaration, Ex F.

PLAINTIFF PRICE'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 10

SARAH L. LEE
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

Defendant has not disclosed the existence of the downward escalator camera and has not produced any evidence that it preserved any footage from it for the date of the incident.



Dkt. 39 *Lee Declaration., Ex G.* Note: "Yellow" camera footage not produced. "Red" camera footage snippet produced.

Plaintiff served Defendant with the first set of interrogatories and requests for production on June 20, 2024. Interrogatory No. 7 and Request for Production E asks for and request production of any photographs and/or videos of any kind taken of the plaintiff along with dates of the photographs and/or videos, identity of the person taking the same and the subjects of each photographic session. Defendant did not produce any information it is first answer to the June 20, 2024, discovery requests to plaintiff on August 6, 2024. Dkt .39 *Lee Declaration., Ex H.*

On December 13, 2024, defendant supplemented its answers to plaintiff's first set of discovery requests. Defendant stated in response "Plaintiff is in receipt of responsive video

PLAINTIFF PRICE'S OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT - 11

ER_117

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

footage produced as Bates No. DEF_000001. No other video footage or other photographs exists." Defendant stated the camera footage was dated October 20, 2021 by its "Video surveillance system" and the subject or subjects of the photographic session as "Plaintiff Woods [sp?] and employee Terrance Bailey." Dkt. 39 *Lee Declaration., Ex I.*

Plaintiff served defendant his second set of discovery requests on May 27, 2025. Plaintiff asked for investigative information for any escalator related injury and complaint of injury from January 1, 2017, to present in Interrogatories 14 and 15, and Request for Production M. Defendant served answers and responses on July 16, 2025. Defendant objected to answering the interrogatories and did not produce any records claiming attorney-client and attorney work product privileges. Dkt. 39 *Lee Declaration., Ex J.*

On July 22, 2025, defendant provided plaintiff with amended responses to plaintiff's second discovery requests. Defendant denied having investigative material related to escalator injuries and complaints of injuries from January 1, 2017 to present. Defendant stated it had no responsive documents of such escalator injuries and complaints of escalator injuries. Dkt. 39 *Lee Declaration., Ex K*. Defendant stated that it "has searched for any responsive documents for two years prior to this incident and two years after this incident and has no responsive documents beyond the store footage applicable to this incident.

On October 17, 2025, defendant provided plaintiff with second amended responses to plaintiff's second discovery requests. While defendant maintained blanket objections, defendant stated it "will agree to produce two prior incidents related to complaints of injury from falling merchandise on an escalator pursuant to the stipulated protective order…"

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

PLAINTIFF PRICE'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 12

**ER_118**

Defendant produced two summary incident details of prior related injuries, but did not produce any video and photographic evidence related to the two incident details. Dkt. 39 *Lee Declaration, Ex. L.*

To this present day, Defendant has yet to produce a complete copy of its employee handbook, virtual learning/training videos, and other highly relevant and requested material despite having a court issued protective order for secure production of the same. Dkt., 39 Lee Declaration.

## VII.   LEGAL AUTHORITY AND ARGUMENT

### A.  Summary Judgment Standard

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit," and a dispute of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The court then views the facts in the light most favorable to the nonmoving party and resolves any ambiguity in that party's favor. *See Bator v. Hawaii*, 39 F.3d 1021, 1026 (9th Cir.1994). The court may not, however, make credibility determinations or weigh evidence. See *Anderson*, 477 U.S. at 248–49, 255.

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA  98465
ph. (253) 224-4450
Sweetwater72@gmail.com

PLAINTIFF PRICE'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 13

**ER_119**

**B. Negligence Elements for Premises Liability**

To establish a legal negligence claim under Washington law, a plaintiff must demonstrate all of the following elements: (1) the existence of duty owed to the complaining party ("duty"), (2) a breach of that duty ("breach"), (3) injury and/or damage to the plaintiff ("harm"), and (4) the claimed breach was a proximate cause of the injury ("cause-in-fact"). *Burg v. Shannon & Wilson, Inc.*, 110 Wn. App. 798, 804, 43 P.3d 526 (2002).

1. Plaintiff Legal Status on Defendant's Premises

The legal duty owed by a defendant possessor of land to a person entering the premises depends on whether the plaintiff entrant falls under the common law category of a trespasser, licensee, or invitee. See *Younce v. Ferguson*, 106 Wn.2d 658, 662, 724 P.2d 991 (1986). When the facts regarding a plaintiff visitor's entry onto property are undisputed, the visitor's legal status as invitee, licensee, or trespasser is a question of law. *Beebe v. Moses*, 113 Wn.App. 464, 467, 54 P.3d 188 (2002).

In terms of legal status, a business invitee is defined as "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.'" *Beebe*, 113 Wn.App. at 467 (quoting Restatement (Second) OF Torts § 332 (1965)). An indirect business purpose on the property is also sufficient for classification as a business invitee. *Restatement*, supra, cmt. f ("It is not necessary that the visitor's purpose be to enter into immediate business dealings with the possessor. The benefit to the possessor may be indirect and in the future.").

PLAINTIFF PRICE'S OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT - 14

**ER_120**

SARAH L. LEE
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

In this case, plaintiff is a "business invitee" because he was purchasing canopies defendant was selling within its premises. Because there is no dispute as to correct category of plaintiff's status as a business invitee, under Washington state law, defendant owes plaintiff a specific set of duties as a business invitee. *See Tincani v. Inland Empire Zoological Soc*, 124 Wn.2d 121, 138-39, 875 P.2d 621 (1994).

### 2. Nature of Defendant Landowner's Duties

According to Restatement, supra,

"[a] possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, [the possessor]

(a) ___knows___ *or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees*, and

(b) **should expect** that they will not discover or realize the danger*, or will fail to protect themselves against it*, *and*

(c) *fails to exercise reasonable care to protect them against the danger*."

*(*Emphasis added*)* *Tincani*, 124 Wn.2d at 138 (second alteration in original) (quoting RESTATEMENT, supra). Reasonable care requires the landowner to inspect for dangerous conditions, "'followed by such repair, *safeguards*, or warning as may be reasonably necessary for [the invitee's] protection under the circumstances.'" *Tincani*, 124 Wn.2d at 139.

PLAINTIFF PRICE'S OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT - 15

**ER_121**

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

For owners and/or operators of a department store, it owes to a person who has an express or implied invitation to come upon the premises in connection with that business, a duty to exercise ordinary care for that person's safety. *Pimentel v. Roundup Co.*, 100 Wn.2d 39, 42-43 (1983).

### C. Reasonable Foreseeability of Hazard on Dick's Self-Service Premises

However, Washington state law has recognized an exception to the requirement of the plaintiff showing actual or constructive notice of the dangerous condition. *Ingersoll v. DeBartolo Inc., d/b/a/ The Tacoma Mall, and AB*M, 869 P.2d 1014, 123 Wn.2d 649, 652 (1994) citing *Ciminski v. Finn Corp., Inc.*, 13 Wn.App. 815, 537 P.2d 850, 85 A.L.R.3d 991, *review denied*, 86 Wash.2d 1002 (1975). In *Ciminski,* the plaintiff slipped and fell in a liquidlike substance near the counter of a cafeteria-type restaurant. The Court of Appeals held that in such a self-service situation, where certain risks are inherent to the mode of operation, the plaintiff need not prove notice. The court stated:

> [A]n owner of a self-service establishment has actual notice that his mode of operation creates certain risks of harm to his customers. Since a self-service operation involves the reasonable probability that these risks will occur, these risks are foreseeable. Thus, it is not necessary to show actual or constructive notice of the specific hazard causing injury, and it becomes the task of the jury to determine whether the proprietor has taken all reasonable precautions necessary to protect his invitees from these foreseeable risks.

*Ingersoll,* 123 Wn.2d *at 652* citing *Ciminski*, 13 Wn.App. at 820-21.

In *Pimentel*, the Washington Supreme Court adopted a similar rule, with one significant difference. The Court eliminated the need for constructive notice in certain circumstances by

PLAINTIFF PRICE'S OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT - 16

ER_122

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

holding notice need not be shown when the nature of the proprietor's business and his methods of operation are such that the existence of unsafe conditions on the premises is reasonably foreseeable. *Ingersoll,* 123 Wn.2d *at 653* citing *Pimentel v. Roundup Co*., 666 P.2d 888, 100 Wn.2d 39, 49 (1983).

*Pimentel* recognized that evolving retail practices – particularly those involving customer self-service – made the existence of certain hazards reasonably foreseeable. *Pimentel v. Roundup Co*., 666 P.2d 888, 100 Wn.2d 39, 46 (1983). ("[M]odern techniques of merchandising necessitate some modification of the traditional rules of liability."). The Court held that a plaintiff would not have to prove actual or constructive notice:

> "[W]hen the nature of the proprietor's business and his methods of operation are such that the existence of unsafe conditions on the premises is reasonably foreseeable. This exception merely eliminates the need for establishing notice and does not shift the burden to the defendant to disprove negligence. The plaintiff must still prove that defendant failed to take reasonable care to prevent the injury.."

Similarly, in *Galassi*, the Washington Supreme Court affirmed the Court of Appeals' decision reversing summary judgment for the defendant and remanded a case in which the plaintiff was injured by a roll of wire fencing that fell from a high shelf. See *Galassi,* Galassi *v. Lowe's Home Centers*, LLC, 4 Wn.3d 425, 446 (2025). The Court emphasized the exception is a way for plaintiff to prove cause-in-fact. *Id*. At 446.

The burden is not shifted to the defendant to disprove negligence; the store's self-service model encouraged customers to handle and restock merchandise without employee assistance. Id. at 437. The *Galassi* Court held a jury could reasonably conclude it was foreseeable for a customer to improperly place a heavy item on a high shelf, creating a falling hazard. *Id*. at 442-43.

PLAINTIFF PRICE'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 17

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

The *Galassi* Court rejected the argument that a plaintiff must identify exactly how the hazard was created or must set forth evidence of prior similar incidents. Id. at 440-41. Instead, it looked to the store's own safety procedures, which required employees to correct improperly shelved merchandise and conduct daily safety walks and concluded these policies supported the foreseeability of such risks. *Id.* at 443. (Emphasis added). **When a hazard stems directly from a business's method of operation, foreseeability becomes a question of fact for the jury**. *Id.* at 440. (Emphasis added).

Here, the method of Defendant's operation plays a central role of foreseeability of the hazards of a store employee directing and leading plaintiff to use an escalator downwards while carrying heavy and bulky items for purchase.

**D. Defendant's Acts and Omissions Raise Multiple Issues of Material Fact Concerning Breach of Its Legal Duties Owed to Plaintiff.**

Whether a landowner breaches that duty is a question of fact. *Nivens v. 7-11 Hoagy's Corner*, 83 Wn.App. 33, 47, 920 P.2d 241 (1996), aff'd, 133 Wn.2d 192, 943 P.2d 286 (1997). Defendant in its motion attempts to have this Court focus on a "red herring" contention of what is legally at issue relating to its legal duties owed to plaintiff.

This "red herring" contention focuses only on the nature of fixtures themselves, rather than the material issues of facts relating to its employee's conduct using (or not using) the fixtures, i.e., the foreseeability of hazards and/or failure to act reasonably to mitigate hazards cause by acts and/or omissions by its company employees when assisting customers such as plaintiff with heavy sporting good items such as canopies and canopy weights.

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

PLAINTIFF PRICE'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 18

ER_124

1. <u>Defendant's Employee Directed Plaintiff to Escalator with Heavy Items</u>.

Defendant states in its motion for summary judgment "Plaintiff elected to use an escalator." (Dkt. 29, p. 4, line 7). However, this argument is contradicted by the defendant employee's own deposition admission. It was defendant employee Bailey Roger ("B.R.") Smith who decided to go down the escalator carrying heavy canopy items plaintiff was purchasing understanding plaintiff was going to follow the employee's lead Dkt. 39, *Lee Declaration*.

When asked by then plaintiff's attorney James McCormick why B.R. Smith elected to use the escalator with plaintiff, Smith testified "***That's the way it was always done.***" (Dkt 39, Lee Declaration) Smith further testified that "***it was the quickest route***." *Id.*, (Emphasis Added).

2. <u>Defendant Employee Acted Contrary to Defendant's Vertical Transportation Policy and Procedures</u>.

Defendant has written policies and procedures regarding escalator and elevator (a) safety precautions; and (b) escalator use (Dkt #39, *Lee Declaration, Ex B* filed under seal). The first safety precaution for all defendant employees is to be alert to customers with special needs or disabilities when using vertical transportation.  The second safety precaution for all defendant employees is to clearly indicate the location of elevators for those who cannot use or choose not use escalators. Relating to the written escalator policy , all defendant employees are to immediately warn passengers who are mis-using the escalator or riding in unsafe manner.

Here, defendant employee B.R. Smith did not alert plaintiff of the option to use the elevator when the employee saw plaintiff with his hands full of heavy canopy items. Defendant employee also did not warn plaintiff about carrying the heavy canopy items plaintiff was awkwardly carrying, down the escalator.  H.R. Smith acknowledged in her deposition that she

PLAINTIFF PRICE'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 19

**ER_125**

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA  98465
ph. (253) 224-4450
Sweetwater72@gmail.com

agreed that a sudden stop, as the [vertical transportation] policies would potentially endanger riders. (25:18-25).

Both of these omissions by defendant's employee B.R. Smith were contrary to defendant's own safety and vertical transportation policies and raise genuine issues of material fact regarding Defendant's breach of its duties to plaintiff invitee.

### 3. Defendant Employee Disregarded Defendant's Elevator Signs.

Defendant has two signs, which state, "**NEED A LIFT?** *Elevator Located In The Exercise Department*". One of the signs is placed on a large easel. The other sign is mounted into a sign holder. It is unknown whether the signs were visible and next to the escalator on the day of plaintiff's injury. Defendant's employee knew the location of the elevator. (Dkt. 39, *Lee Declaration, Ex. C* p. 17, lines 6-23. Defendant employee B.R. Smith did not remember whether the signs were posted at the time of the October 10, 2021 injury. *Id*, p. 29:9-13.

Even assuming the signs were present on the day of plaintiff's injury, defendant employee B.R. Smith disregarded the signs after noticing plaintiff walking and carrying heavy canopy items. Instead of speaking with plaintiff about using the elevator instead of the escalator, the employee took and carried the canopy weight sets down the escalator first with plaintiff some space behind him, also carrying multiple heavy canopies.

Plaintiff followed the employee down the escalator as one would expect a purchaser similarly situated in plaintiff's position. The employee could have directed plaintiff to the elevator or have plaintiff follow him to the elevator, but the employee did not exercise that safer, reasonable option. Consequently, the defendant employee's failure and/or inability to

PLAINTIFF PRICE'S OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT - 20

**ER_126**

SARAH L. LEE
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

heed the signs, raises genuine issues of material fact regarding  defendant's breach of duties owed to plaintiff.

### 4. Defendant Employees' Sworn Testimony of Injury.

Defendant employee B.R. Smith testified plaintiff was carrying two canopies at the time before stepping onto the escalator. Dkt. 39, *Lee Declaration, Ex C,* p. 22:8-10.  B.R. Smith did not know what caused plaintiff to drop the canopy while on the escalator. *Id,* p. 21:2-7.  B.R. Smith testified he did not remember seeing what might have happened to Mr. Price when the escalator came to a sudden stop. *Id.,* p. 20:18-23. B.R. Smith confirmed he apologized to plaintiff after picking up the second canopy that fell out of plaintiff's hands while on the escalator.

Another defendant employee Hilary Rhiannon ("H.R.") Smith, testified at her deposition that she did not see plaintiff moving down the escalator with the canopies until the end of the incident. Dkt. 39 *Lee Declaration*, Ex. D p. 24:9-14. However, H.R. Smith acknowledged in her deposition that she agreed that a sudden stop, as the [vertical transportation] policies reference, would potentially endanger riders. *Id*., p. 25:18-25.

Defendant employees' sworn admissions regarding the assisting employee's remorse for using the escalator instead of the elevator knowing plaintiff was carrying two heavy items, and the other employee's admission of the potential danger of an abrupt escalator stop, create genuine issues of material fact that a trier of fact should consider in determining whether defendant breached its duty owed to plaintiff invitee Price and the extent of injury and damages caused by the sudden and abrupt escalator stop.

PLAINTIFF PRICE'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 21

**ER_127**

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA  98465
ph. (253) 224-4450
Sweetwater72@gmail.com

5. <u>Defendant's Failure to Preserve and/or Produce Relevant Evidence</u>

Spoliation is "the destruction or material alteration of evidence or [] the failure to preserve property" when a party has a duty to preserve such evidence. *Micron Tech., Inc. v. Rambus Inc*., 645 F.3d 1311, 1320 (Fed. Cir. 2011) (quoting *Silvestri v. Gen. Motors Corp*., 271 F.3d 583, 590 (4th Cir. 2001)). The duty to preserve evidence attaches when "litigation is 'pending or reasonably foreseeable.'" *Id.* (quoting *Silvestri,* 271 F.3d at 590); see also *West v. Goodyear Tire & Rubber Co*., 167 F.3d 776, 779 (2d Cir. 1999).

A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). "A party seeking an adverse inference instruction (or other sanctions) based on the spoliation of evidence must establish the following three elements: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the evidence was relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." A*pple Inc. v. Samsung Elecs. Co.,* 881 F.Supp.2d 1132, 1138 (N.D. Cal. 2012) (citation and quotation omitted).

Once a party is on notice of a potential claim, it is under a duty to preserve evidence which it knows, or reasonably should know, is relevant to the claim or potential litigation. *Stedeford v. Wal-Mart Stores, Inc.,* 2016 U.S. Dist. LEXIS 83019, at *15 (D. Nev. June 24, 2016) (citing *In re Napster, Inc*., 462 F.Supp.2d at 1067). The notice component is a low, objective standard "that asks not whether the party in fact reasonably foresaw litigation, but

PLAINTIFF PRICE'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 22

**ER_128**

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

whether a reasonable party in the same factual circumstances would have reasonably foreseen litigation." *Soule v. P.F. Chang's China Bistro, Inc*., 2020 WL 959245, at *3 (D. Nev. Feb. 26, 2020).

Objectively, there is no doubt that defendant had notice that camera surveillance footage from the downward escalator the defendant store employee with plaintiff behind him utilized might be potentially relevant to reasonably foreseeable litigation. However, and inexplicably, defendant did not even acknowledge the existence of the downward escalator camera, let alone provide any information and/or material requested by plaintiff's former counsel about it.

This is not a case where there was any admission of being unable to preserve the camera footage in the downward surveillance camera. Also, there was no admission, disclosure, or discussion regarding defendant's ability to preserve relevant camera footage. Indeed, defendant was able to preserve and produce the upward escalator camera footage. Certainly, there would be better footage depicting when defendant employee got on the downward escalator, how far back plaintiff was when he got on the downward escalator, and how the tent canopy moved down the elevator once it was forced and/or slipped out of plaintiff's grip.

Unfortunately, the camera footage from the opposite, upward escalator, fails to show any of these circumstances and one has to speculate, as defense counsel has in Defendant's Motion for summary judgment, see Dkt. 29, p. 2:23-25, and p. 5:4-5, as to how these circumstances actually occurred.

Video recordings ... can be uniquely powerful pieces of evidence because they create 'an '" *State v. Ralston*, 486 P.3d 822, 833 (Ore. App. 2021) (quoting *Floyd v. City of New York*,

PLAINTIFF PRICE'S OPPOSITION TO MOTION **ER_129** FOR SUMMARY JUDGMENT - 23

SARAH L. LEE
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

959 F. Supp. 2d 668, 685n.65 (S.D.N.Y. 2013)). *See State v. Merriman*, 410 S.W.3d 779, 792-93 (Tenn. 2013) ("A video recording ... is unique by its very nature. No evidence comparable to this video recording could have been obtained through other means."). Indeed, video evidence can be conclusive, so powerful that no reasonable jury could fail to find what it depicts to be proven, so summary judgment can be granted on its basis alone. Scott v. Harris, 550 U.S. 372, 380 (2007).

Plaintiff is hopeful that this court will understand the severity of impact missing and/or destroyed downward escalator footage will have on defendant's liability and plaintiff's injuries and damages. Plaintiff is requesting this court to take Defendant's acts and/or omissions into consideration at this later stage of the case.

Additionally, Defendant has failed to disclose fully all relevant safety policies, customer assistance policies, and related trainings Defendant uses for training its own employees. No employee handbook was ever produced, though Defendant certainly has one. Plaintiff's counsel was able to pull the excerpt of Defendant's 2025 Code of Conduct from the Internet that explicitly references a "Teammate Handbook."



This Code of Conduct wasn't even disclosed or produced to plaintiff.

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

PLAINTIFF PRICE'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT - 24

Moreover, there are relevant documents and records that are on Defendant's intranet that it has never produced including procedures on carrying items for customers, incident reporting, and additional, highly relevant information. See below, page of Dicks Sporting Goods 2025 Code of Conduct at page 33 (excerpt):

**INFORMATIONAL AND REPORTING CONTACTS**

All policies and procedures referred to throughout this Code are available on the Company's intranet. You may also request a copy of any policy or procedure through Compliance at Compliance@dcsg.com.

## VIII. <u>CONCLUSION</u>

Plaintiff respectfully requests the Court to deny Defendant's Motion for Summary Judgment and enter a finding that there are genuine issues of material fact regarding foreseeability of the alleged hazard (taking heavy, bulky items down an escalator vs. elevator), the alleged acts and omissions connected to defendant's operations in perspective with its written policies and procedures, breach of defendant's duties owed to plaintiff invitee, and causation of plaintiff's injuries and damages.

Plaintiff also respectfully requests this Court to use its inherent power to address matters regarding missing and/or destroyed evidence that defendant was required by law and this Court to disclose and produce.

Pursuant to Local Court Rule 7(e)(3), the undersigned certifies that this response is in compliance with the 8,400 word count limitation.

//////

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

PLAINTIFF PRICE'S OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT - 25

ER_131

DATED this 17th day of December, 2025.

TRIAL ATTORNEY

By:                           
Sarah L. Lee, WSBA# 27364
Attorney for Plaintiff Price

PLAINTIFF PRICE'S OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT - 26        **ER_132**

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA  98465
ph. (253) 224-4450
Sweetwater72@gmail.com

**DECLARATION OF SERVICE**

I HEREBY CERTIFY AND DECLARE under the penalty of perjury under the laws of the State of Washington that I have served the foregoing a true and correct copy of PLAINTIFF'S RESPONSE IN OPPOSITION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT by CM/ECF and Email:

**ATTORNEYS FOR DEFENDANT**

John R Barhoum, WSBA #42776
Sarah E. Tuthill-Kveton, WSBA #51801
Chock Barhoum LLP
121 SW Morrison St Ste 500
Portland, OR 97204-3135
United States
Email: john.barhoum@chockbarhoum.com
Phone: (503) 223-3000
Fax: (503) 954-3321
Website: www.chockbarhoum.com

-
DECLARATION OF SERVICE - 28

**SARAH L. LEE**
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA  98465
ph. (253) 224-4450

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUSTIN PRICE, an individual, | No. 3:24-cv-05585-TLF |
| Plaintiff, | ORDER GRANTING MOTION TO WITHDRAW |
| vs. | |
| DICK'S SPORTING GOODS, INC., a foreign profit corporation;  and JOHN DOE, an individual, | |
| Defendants. | |

This Court having reviewed the pleadings filed herein hereby orders that pursuant to LCR 83.2(b) that the appearance of JAMES W. MCCORMICK and NEIL P. STUBBS, attorneys of record for Plaintiff JUSTIN PRICE, are now hereby withdrawn, having been substituted by new attorney of record SARAH LEE.

DATED this __1_ day of December, 2025.

_____
HONORABLE THERESA L.FRICKE

**ER_134**

HON. THERESA L. FRICKE

Sarah L. Lee, WSBA No. 27364
Trial Attorney
Email: Sweetwater72@gmail.com
924 S. Sunset Dr.
Tacoma, WA 98465
Telephone: 253-224-4450

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN PRICE, an individual,

                    Plaintiff,

        v.

DICK'S SPORTING GOODS, INC., a
foreign profit corporation; and JOHN
DOE, an individual,

                    Defendants.

No. 3:24-cv-05585-TLF

NOTICE OF APPEARANCE
OF COUNSEL

TO: The Clerk of the Court and all parties on record:

PLEASE TAKE NOTICE THAT I am admitted and authorized to practice in this court, and I appear in this case as counsel for Plaintiff Justin Price.

**ER_135**

NOTICE OF APPEARANCE - 1

SARAH L. LEE
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

Further, from this date forward, service of all future pleadings or papers shall be made on the undersigned attorney as follows:

Sarah L. Lee, WSBA No. 27364
Trial Attorney
Email: Sweetwater72@gmail.com
E-service: sweetwater72@gmail.com
924 S. Sunset Dr.
Tacoma, WA 98465
Telephone: 253-224-4450

DATED this 7th day of November, 2025.

TRIAL ATTORNEY

By: _____
Sarah L. Lee, WSBA# 27364
Attorney for Plaintiff Price

ER_136

NOTICE OF APPEARANCE - 2

SARAH L. LEE
Trial Attorney
924 So. Sunset Dr.
Tacoma, WA 98465
ph. (253) 224-4450
Sweetwater72@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
AT TACOMA

JUSTIN PRICE, an individual,

       Plaintiff(s),

  v.

DICK'S SPORTING GOODS, INC., a
foreign profit corporation; and JOHN DOE,
an individual,

       Defendant(s).

NO.  3:24-cv-05585-TFL

DECLARATION OF EDUARDO
RECARDO

I, Eddie Recardo, declare as follows:

1.  I am over the age of 21, am competent to testify, and make this declaration based upon my own personal knowledge.

2.  I have worked as a service technician for Schindler Elevator Corporation ("SEC") since 2006.

3.  For at least the six months before and after the Plaintiff's October 20, 2021 incident, SEC had a contract for the maintenance of the escalators inside the Dick's Sporting Goods store at the Tacoma Mall.

4.  On October 21, 2021, I responded to an "out of service" call from Dick's Sporting Goods relating to the "down" escalator at its Tacoma Mall store.  I went to the escalator and found

DECLARATION OF EDUARDO RECARDO - 1
10420-0051  6125522
Case No. 3:24-cv-05585-TFK

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

**ER_137**

that it was stopped because of a comb plate impact. I inspected the comb plate and the steps, returned it to service, and confirmed that it was operating correctly.

5.     I did not find any mechanical or maintenance problems with the down escalator at the Dick's Sporting Goods store at the Tacoma Mall (the "Escalator") at the time of Plaintiff's October 20, 2021 incident.  Rather, I believe the Escalator was in good working order, and was in compliance with all relevant codes and safety standards at the time of Plaintiff's October 21, 2021 incident.

6.     There are certain safety features built into escalators and required by various state codes and industry standards.  One such safety feature is an automatic stopping mechanism that can be triggered by a significant impact to the bottom landing plate or the side plate that runs along the stairs, or by something becoming lodged in the comb plate at the bottom of the escalator.  When any of those sensors are triggered, the escalator is designed to automatically stop to protect passengers on the escalator from (further) injury.

7.     Based upon my review of the video footage of Plaintiff's October 20, 2021 incident and my inspection of the escalator afterwards, it appears as though the Escalator acted as it was intended – it stopped after the item dropped by the customer hit the bottom comb plate – and there were no defects or malfunctions in the escalator.

8.     When an escalator stops in a situation like this, it requires the escalator maintenance company to come out and perform an inspection and either fix the escalator or turn it back on.

9.     Following Plaintiff's October 20, 2021 incident, I performed that inspection and found no malfunctions or defects.  I returned the Escalator to service after that inspection.

10.     I am aware of nothing unreasonably dangerous about the Escalator prior to the October 20, 2021 incident, nor was there anything unreasonably dangerous regarding the Escalator on October 20, 2021.

DECLARATION OF EDUARDO RECARDO - 2
10420-0051  6125522
Case No. 3:24-cv-05585-TFK

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
ER_138    TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this _____ day of October, 2025 at _____, Washington.

Eduardo Recardo (Oct 17, 2025 13:05:03 PDT)
EDDIE RECARDO

DECLARATION OF EDUARDO RECARDO - 3
10420-0051  6125522
Case No. 3:24-cv-05585-TFK

**PREG O'DONNELL & GILLETT** PLLC

ER_139

401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

# Declaration of Eduardo Recardo

Final Audit Report                                                        2025-10-17

| | |
|---|---|
| Created: | 2025-10-17 |
| By: | Ana Todakonzie (atodakonzie@pregodonnell.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAX14sBA_qieieNoPS3I3PDDXjb52A2Y2A |

## "Declaration of Eduardo Recardo" History

Document created by Ana Todakonzie (atodakonzie@pregodonnell.com)
2025-10-17 - 4:07:24 PM GMT

Document emailed to eduardo.recardo@schindler.com for signature
2025-10-17 - 4:07:41 PM GMT

Email viewed by eduardo.recardo@schindler.com
2025-10-17 - 8:03:37 PM GMT

Signer eduardo.recardo@schindler.com entered name at signing as Eduardo recardo
2025-10-17 - 8:05:01 PM GMT

Document e-signed by Eduardo recardo (eduardo.recardo@schindler.com)
Signature Date: 2025-10-17 - 8:05:03 PM GMT - Time Source: server

Agreement completed.
2025-10-17 - 8:05:03 PM GMT

**ER_140**

Adobe Acrobat Sign

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | | |
|---|---|---|
| JUSTIN PRICE, an individual | ) | Civil Case No. 3:24-cv-05585 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| v. | ) | |
| | ) | |
| DICK'S SPORTING GOODS, INC., a foreign | ) | |
| profit corporation; and JOHN DOE, an | ) | |
| individual, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I hereby certify that on this 23rd day of October, 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all registered individuals.

Additionally, I hereby certify that a true copy of the foregoing **DECLARATION OF EDUARDO RECARDO** was served as stated below on:

| | |
|---|---|
| James McCormick<br>Neil P. Stubbs<br>Evergreen Personal Injury Counsel<br>100 S 9th Street<br>Tacoma, WA 98402<br>　　Attorneys for *Plaintiff* | ☐　By hand delivery<br>☐　By first-class mail*<br>☐　By facsimile transmission<br>　　Fax #: (253) 475-7886<br><br>☐　x By e-mail:<br>　　jmccormick@epic-law.com<br>　　nstubbs@epic-law.com<br>　　hstamper@epic-law.com<br>　　Tceder@epic-law.com<br>　　mdietzler@epic-law.com<br>☐　x By court eFiling Application to<br>　　the extent registered |

CERTIFICATE OF SERVICE
DIC017.0007

**ER_141**

*With first-class postage prepaid and deposited in Portland, Oregon.

Dated this 23rd day of October, 2025.

**CHOCK BARHOUM LLP**

_Sarah Tuthill-Kveton_

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
121 SW Morrison Street, Suite 500
Portland, OR 97204
(503) 223-3000
E-service: e-service@chockbarhoum.com
        Attorneys for Defendant Dick's Sporting Goods,
        Inc.

**ER_142**

CERTIFICATE OF SERVICE
DIC017.0007

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

JUSTIN PRICE, an individual )      Civil Case No. 3:24-cv-05585
              Plaintiff, )
                      )      **DECLARATION OF SARAH**
   v.                  )      **TUTHILL-KVETON IN SUPPORT**
                      )      **OF DEFENDANT'S MOTION FOR**
DICK'S SPORTING GOODS, INC., a foreign )      **SUMMARY JUDGMENT**
profit corporation; and JOHN DOE, an )
individual, )
                      )
           Defendants. )

I, Sarah Tuthill-Kveton, declare as follows:

1.     I am one of the attorneys representing Defendant Dick's Sporting Goods, Inc. ("Defendant") in the above-entitled matter. I submit this declaration to support Defendant's Motion for Summary Judgment. This Declaration is based on personal knowledge, and I am competent to testify to the matters herein.

2.     Attached hereto as **Exhibit A** is a true and correct copy of pages from plaintiff's deposition transcript dated April 2, 2025.

3.     Attached hereto as **Exhibit B** is a true and correct copy of the store surveillance video (filed conventionally and under seal).

/ / /

/ / /

DECLARATION OF SARAH TUTHILL-KVETON IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 1                                        DIC017.0007

**ER_143**

4.    Attached hereto as **Exhibit C** is a true and correct copy of pages from Bailey Smith's deposition transcript dated May 8, 2025.

**I HEREBY DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.**

DATED this 23rd day of October, 2025.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
121 SW Morrison Street, Ste 500
Portland, OR 97204
Phone Number: (503) 223-3000
    Attorney for Defendant Dick's Sporting
    Goods, Inc.

DECLARATION OF SARAH TUTHILL-KVETON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 2                   DIC017.0007

**ER_144**

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT PIERCE

| | | |
|---|---|---|
| JUSTIN PRICE, an individual | ) | Civil Case No. 3:24-cv-05585 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| DICK'S SPORTING GOODS, INC., a foreign | ) | |
| profit corporation; and JOHN DOE, an | ) | |
| individual, | ) | |
| | ) | |
| Defendant. | ) | |

I hereby certify that a true copy of the foregoing **DECLARATION OF SARAH TUTHILL-KVETON IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was served on:

James McCormick
Neil P. Stubbs
Evergreen Personal Injury Counsel
100 S 9th Street
Tacoma, WA 98402
   *Attorneys for Plaintiff*

☐ By hand delivery
☐ By first-class mail*
☐ By facsimile transmission
   Fax #: (253) 475-7886
☑ By e-mail:
   jmccormick@epic-law.com
   nstubbs@epic-law.com
   hstamper@epic-law.com
   Tceder@epic-law.com
   mdietzler@epic-law.com
☑ By court eFiling Application to the
   extent registered

/ / /

/ / /

/ / /

CERTIFICATE OF SERVICE - 1

**ER_145**

DIC017.0007

*With first-class postage prepaid and deposited in Portland, Oregon.

Dated this 23rd day of October, 2025.

**CHOCK BARHOUM LLP**

_Sarah Tuthill-Kveton_
Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
121 SW Morrison Street, Ste 500
Portland, OR 97204
Phone Number: (503) 223-3000
Attorney for Defendant Dick's Sporting Goods, Inc.

**ER_146**

CERTIFICATE OF SERVICE - 2

DIC017.0007

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JUSTIN PRICE, an individual<br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>DICK'S SPORTING GOODS, INC., a foreign profit corporation; and JOHN DOE, an individual,<br>　　　　　　　　Defendants. | Civil Case No. 3:24-cv-05585<br><br>**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Oral Argument Requested**<br><br>**NOTE ON MOTION CALENDAR: Friday, 11/21/2025** |

## **MOTION**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, Defendant Dick's Sporting Goods, Inc. (hereinafter "Defendant") moves the Court for summary judgment on the grounds that there are no genuine issues of material fact in this case. This motion is supported by the following Memorandum of Law, the Declaration of Sarah Tuthill-Kveton ("STK Dec.") and the exhibits attached thereto, and the pleadings and other documents on file.

## **MEMORANDUM OF LAW**

### **1. Introduction.**

Plaintiff filed this lawsuit in state court seeking damages as a result of an incident that occurred inside a Dick's Sporting Goods on October 10, 2021. Compl. ¶3.1. The case was removed to this Court based on diversity of citizenship. In a diversity case, this Court is mandated to follow the applicable state law, here, the State of Washington.

DEFENDANT DICK'S SPORTING GOODS, INC.'S MOTION FOR SUMMARY JUDGMENT - 1
DIC017.0007
3:24-cv-05585

Plaintiff alleges that on or about October 10, 2021, Defendant's property and escalator were in an unreasonable hazardous and dangerous condition. Compl. ¶4.5. Plaintiff alleges that Defendants had a duty to maintain its property in a reasonably safe condition as well as to discover and adequately repair hazards and/or warn users of the property of existing hazards. Compl. ¶4.3. Plaintiff asserts that Defendant breached its duty when it failed to take any actions to eliminate the unreasonable hazardous condition(s) of its premises and in failing to safely operate its escalator that Defendant knew or should have known of. Compl. ¶¶4.10-4.12.

Plaintiff alleges that as a result of Defendant's actions, Plaintiff sustained injury, pain, and suffering, both physical and mental, and loss of enjoyment of life, which more probably than not will continue into the future, including past and future economic damages. Compl. ¶4.14.

### 2. Undisputed Facts

On October 10, 2021, Plaintiff drove to the instant Dick's Sporting Goods to purchase two "pop-up" tent canopies. Compl. ¶3.4. He also intended to purchase some tent weights. *See* STK Dec., Ex. A. (Depo p. 39, ll. 20-25) Mr. Price located the canopies on the second floor and used the escalator to reach the second floor. Compl. ¶3.5. Plaintiff testified that the two tents and two weights were too much for him to carry, so he started looking for someone to help him. *See* STK Dec., Ex. A. (Depo p. 42, ll. 18-22). An employee, Bailey Smith, came to assist him and carried the weight plates down in front of Plaintiff who carried the two pop-up tents. *See* STK Dec., Ex. A. (Depo p. 45, ll. 13-19). Plaintiff testified that when he got on the escalator he sat one of the tents down and the escalator stair kicked it out from his hand. *See* STK Dec., Ex. A. (Depo p. 46, ll. 11-13.) Plaintiff testified that when the tent started sliding down the escalator, the employee was somehow able to temporarily stop it with his foot before it continued sliding down to the bottom of the escalator. *See* STK Dec., Ex. A. (Depo p. 43, 8-15.) This, however, is nearly impossible when viewing the escalator footage. As can be clearly seen, the employee was already at the bottom of the escalator when the pop-up tent slid down behind him. *See* STK Dec., Ex. B. Bailey Smith testified accordingly with the video footage that he was already at the bottom of the escalator when the pop-up tent fell and became lodged, causing the escalator to stop. *See* STK Dec., Ex. C. (Depo p. 12, ll. 24-25, p. 13, ll. 1-6.) From the video itself without more, there is no

DEFENDANT DICK'S SPORTING GOODS, INC.'S MOTION FOR SUMMARY JUDGMENT - 2

question of fact as to what occurred on the escalator. Mr. Price then walked off the escalator and made his way to the checkout to purchase the items. *STK* Dec., Ex. A. (Depo p. 54, ll. 10-13).

### 3. Summary Judgment Standard

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit," and a dispute of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation marks omitted). The court then views the facts in the light most favorable to the nonmoving party and resolves any ambiguity in that party's favor. See Bator v. Hawaii, 39 F.3d 1021, 1026 (9th Cir. 1994). The court may not, however, make credibility determinations or weigh evidence. See Anderson, 477 U.S. at 248–49, 255. Moreover, conclusory, non-specific statements in affidavits are not sufficient to raise a genuine dispute, and the court will not presume "missing facts." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888–89 (1990). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

### 4. Premise Liability

Under Washington law, to succeed on a negligence claim, the plaintiff must prove that: A cause of action for negligence requires the plaintiff to establish (1) the existence of a duty owed, (2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury. *Pedroza v. Bryant,* 101 Wn.2d 226, 228, 677 P.2d 166 (1984). ."). The duty in cases involving common carriers is heightened. Escalator owners and operators owe their passengers a nondelegable duty to act with the highest degree of care. *See Knutson v. Macy's W. Stores, Inc.*, 1 Wash. App. 2d 543, 545, 406 P.3d 683, 684 (2017). In a premises liability case, a plaintiff may show proximate cause by demonstrating that an unsafe condition on the premises "was caused by

DEFENDANT DICK'S SPORTING GOODS, INC.'S MOTION FOR SUMMARY JUDGMENT - 3

DIC017.0007                                                  3:24-cv-05585

the proprietor or his employees, or [that] the proprietor had actual or constructive notice of the unsafe condition." *Tavai v. Walmart Stores*, Inc., 307 P.3d 811, 816 (Wash. Ct. App. 2013); see also *Galassi v. Lowe's Home Centers, LLC*, 565 P.3d 116, 119 (Wash. 2025) ("In a premises liability case, the cause-in-fact element traditionally requires proof that the defendant had actual or constructive notice of the alleged unsafe condition.

A.  *An escalator is not an unreasonably dangerous condition.*

Plaintiff elected to use an escalator. An escalator is not an unreasonably dangerous condition. An escalator, by design and function, is a common, expected feature of modern life. Under Washington law, the courts have consistently held that to be liable for injuries, there must be evidence of a defect or negligence. The mere existence of a condition, such as an escalator, does not make it dangerous. As cited above, in a premises liability case, a plaintiff may show proximate cause by demonstrating that an unsafe condition on the premises "was caused by the proprietor or his employees, or [that] the proprietor had actual or constructive notice of the unsafe condition." *Tavai v. Walmart Stores*, Inc., 307 P.3d 811, 816 (Wash. Ct. App. 2013); see also *Galassi v. Lowe's Home Centers, LLC*, 565 P.3d 116, 119 (Wash. 2025).

B.  *There is no evidence of an unsafe condition.*

Safety features are built into escalators and required by various state codes. Decl. of Eduardo Recardo ⁋ 6. One such safety feature is an automatic stopping mechanism that can be triggered by impact to the bottom landing plate or the side plate that runs along the stairs, or by something becoming lodged in the comb plate at the bottom of the escalator. *Id*. These features are safety requirements of an escalator. Here, when Plaintiff dropped merchandise, the escalator acted exactly how it was intended. *Id*. at ⁋ 7. Specifically, it stopped after the item dropped by Plaintiff hit the bottom comb plate. *Id*. As such, there is no defect. *Id*.

Not only did the escalator perform as required, but Schindler Elevator Company also performed an inspection of the escalator immediately following that found no malfunctions or defects. *Id*. at ⁋ 9. An inspection is required before the escalator is put back into service, it passed the inspection and was returned to service. *Id*. Plaintiff cannot point to a single breach or act on behalf of Defendant that created an unreasonably dangerous condition resulting in Plaintiff's

DEFENDANT DICK'S SPORTING GOODS, INC.'S MOTION FOR SUMMARY JUDGMENT - 4

DIC017.0007                                              3:24-cv-05585

**ER_150**

injuries.

C. *Defendant did not cause the issue nor is there notice of a dangerous condition.*

Plaintiff must also prove that Defendant caused the unsafe condition or knew of the unsafe condition and failed to remedy it. First, Plaintiff created the condition that caused the escalator to stop as objectively apparent from the video. Plaintiff is the one who dropped the merchandise that became lodged at the bottom of the escalator, not Defendant. *See* STK Dec., Ex. B.

The fact that the escalator stopped when Plaintiff caused it to stop is not notice of a dangerous condition. In fact, in cases where the Plaintiff did not cause an escalator to stop, but it stopped on its own, that was also insufficient evidence to show knowledge of an unsafe condition.

A case directly on point is *Tinder v. Nordstrom.* 84 Wash. App. 787, 790, 929 P.2d 1209, 1211 (1997). Tinder was shopping at Nordstrom with her two daughters, ages four and seven. She bought a considerable number of items, enough to be "loaded" with packages. *Id.* Tinder boarded the down escalator with her hands full of packages, her youngest daughter ahead of her, the older behind. *Id.* Apart from the sudden stop, there was nothing to indicate any issue with the escalator. *Id.* A regular maintenance examination was performed on the escalator six days before the incident. *Id.* After the incident, a maintenance specialist examined the escalator and did not find any malfunctions. *Id.* In rebutting Tinder's claims, Nordstrom, as the moving party, introduced evidence that it was not negligent; evidence establishing regular maintenance of the escalator, as well as the service report made after the incident that found no malfunction. The court concluded that Nordstrom *therefore met its burden* of pointing to an absence of evidence in support of Tinder's case, and the burden shifted to Tinder to make a prima facie showing of the essential elements of her negligence claim. Emphasis added. *Id* at 791. Here, Plaintiff is the one that caused the escalator to stop. There is no evidence that the stoppage itself was an unreasonably dangerous condition, rather the escalator acted as intended, nor is there any information that this was caused by anyone but Plaintiff. There was no notice of this alleged "unsafe condition" because the stoppage occurred when Plaintiff dropped the item. An inspection was performed and there was zero defect in the machine.

Plaintiff cannot prove any element of his negligence claim and summary judgment is

DEFENDANT DICK'S SPORTING GOODS, INC.'S MOTION FOR SUMMARY JUDGMENT - 5

DIC017.0007                                                    3:24-cv-05585

**ER_151**

therefore proper.

## CONCLUSON

For the foregoing reasons, Defendant respectfully requests this Court grant Defendant's motion and order Plaintiff's case to be dismissed with prejudice.

Pursuant to Local Court Rules, to the extent required, the undersigned certifies this motion is in compliance as to word count or number of pages.

Dated this 23rd day of October, 2025.

**CHOCK BARHOUM LLP**

John R. Barhoum, WSBA #42776
Email: john.barhoum@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland OR 97204
(503) 223-2000
   Attorney for Defendant Dick's Sporting Goods, Inc.

Dated this 23rd day of October, 2025.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland OR 97204
(503) 223-2000
   Attorney for Defendant Dick's Sporting Goods, Inc.

DEFENDANT DICK'S SPORTING GOODS, INC.'S MOTION FOR SUMMARY JUDGMENT - 6

DIC017.0007

3:24-cv-05585

**ER_152**

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

JUSTIN PRICE, an individual )    Civil Case No. 3:24-cv-05585
                  Plaintiff, )
                       )
      v. )    **CERTIFICATE OF FILING AND**
                       )    **SERVICE**
DICK'S SPORTING GOODS, INC., a foreign )
profit corporation; and JOHN DOE, an )
individual, )
                       )
             Defendant.

I hereby certify that on this 23rd day of October, 2025. I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all registered individuals.

Additionally, I hereby certify that a true copy of the foregoing **DEFENDANT DICK'S SPORTING GOODS, INC.'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF SARAH TUTHILL-KVETON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT and PROPOSED ORDER** was served as stated below on:

| James McCormick<br>Neil P. Stubbs<br>Evergreen Personal Injury Counsel<br>100 S 9th Street<br>Tacoma, WA 98402<br>    *Attorneys for Plaintiff* | ☐ By hand delivery<br>☐ By first-class mail*<br>☐ By facsimile transmission<br>    Fax #: (253) 475-7886<br><br>X  By e-mail:<br>    jmccormick@epic-law.com<br>    nstubbs@epic-law.com<br>    hstamper@epic-law.com<br>    Tceder@epic-law.com<br>    mdietzler@epic-law.com<br><br>X  By court eFiling Application to the<br>    extent registered |

CERTIFICATE OF SERVICE
ALL052.0640

**ER_153**

**\***With first-class postage prepaid and deposited in Portland, Oregon.

Dated this 23rd day of October, 2025.

**CHOCK BARHOUM LLP**

John R. Barhoum, WSBA #42776
Email: john.barhoum@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland OR 97204
(503) 223-2000
    Attorney for Defendant Dick's Sporting Goods, Inc.

Dated this 23rd day of October, 2025.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
121 SW Morrison Street, Suite 500, Portland OR 97204
(503) 223-2000
    Attorney for Defendant Dick's Sporting Goods, Inc.

**ER_154**

CERTIFICATE OF SERVICE
ALL052.0640

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

JUSTIN PRICE, an individual )
)
)
)
Plaintiff, )
)
v. )
)
DICK'S SPORTING GOODS, INC., a foreign )
profit corporation; and JOHN DOE, an individual, )
)
)
Defendants. )

Civil Case No.  3:24-cv-05585

**DEFENDANT DICK'S SPORTING GOODS, INC.'S NOTICE OF REMOVAL OF ACTION**

TO: THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441, 1446 and 1332(2), DICK'S SPORTING GOODS, INC., a foreign profit corporation ("Defendant") removes this action from the Superior Court of the State of Washington for the County of Pierce to the United States District Court for the Western District of Washington in Tacoma, Washington.

**RELEVANT FACTS**

On June 20, 2024, Plaintiff filed a Complaint in the Superior Court of Pierce County, Washington.  Copies of the Summons and Complaint are attached hereto as Exhibits A and B, respectively.  *See* Declaration of Sarah Tuthill-Kveton (hereinafter "Tuthill-Kveton Dec."), ¶2. On June 24, 2024, Plaintiff served Dick's Sporting Goods, Inc. with a Summons and Complaint

NOTICE OF REMOVAL OF ACTION - 1                    **ER_155**

captioned *Justin Price, and individual v. Dick's Sporting Goods, Inc., a foreign profit corporation; and John Doe, an individual*, Case No: 24-2-08822-4, filed in the Superior Court for the State of Washington for the County of Pierce. *See* Tuthill-Kveton Dec., ¶3, Ex. C.  On June 20, 2024, the Court filed an Order Setting Case Schedule. Tuthill-Kveton Dec., ¶4, Ex. D.  On June 24, 2024, Plaintiff served Defendant with Plaintiff's First Interrogatories and Requests for Production. Tuthill-Kveton Dec., ¶5, Ex. E. On July 3, 2024, Defendant filed a Notice of Appearance. Tuthill-Kveton Dec., ¶6, Ex. F. These documents, taken together, constitute all process, pleadings and orders served on Dick's Sporting Goods, Inc. in that action up to the present date.  Tuthill-Kveton Dec., ¶7.

## GROUNDS FOR REMOVAL

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in the state court to the United States District Court if the district court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1). If the case started by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1441(b)(3).

The Plaintiff's claims for relief against Defendant exceed $75,000.00. Based on page 8 of Plaintiff's April 17, 2024 Letter of Demand, Plaintiff's claims for relief against Defendant are $250,000.00. Tuthill-Kveton Dec., ¶ 8. Ex. G. That confirmation was within 30-days of filing Defendant's Notice of Removal, which was not filed and served on Defendant until June 24, 2024. *Id.* Additionally, Plaintiff and Defendant reside in different states. According to the Complaint, Plaintiff resides in Tacoma, Washington.  Complaint, ¶ 1.1.  Defendant Dick's Sporting Goods, Inc. is a Corporation with its principal place of business on the Oregon Secretary of State's website listed as Coraopolis, Pennsylvania.  Tuthill-Kveton Dec., ¶ 9.

This is an action over which the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

## TIMELINESS AND PROCEDURE

This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as less than 30 days

NOTICE OF REMOVAL OF ACTION - 2

have elapsed since copies of the Summons and Complaint were served on Dick's Sporting Goods, Inc.. A copy of the Service of Process/Declaration of Service is attached to the Tuthill-Kveton Dec. as Ex. C.

No further proceedings have occurred in the Superior Court of the State of Washington for the County of Pierce as of the date of this removal other than outlined herein.

Counsel for Defendant will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of Washington for the County of Pierce and will give notice of same to Plaintiff as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant prays that this action be removed from the Superior Court for the County of Pierce and placed on the docket of the United States District Court for the Western District of Washington in the Tacoma Division.

Dated this 22nd day of July, 2024.

**CHOCK BARHOUM LLP**

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
Electronic service: e-service@chockbarhoum.com
Attorneys for Defendant Dick's Sporting Goods, Inc.

Dated this 22nd day of July, 2024.

**CHOCK BARHOUM LLP**

John R. Barhoum, WSBA #42776
Email: john.barhoum@chockbarhoum.com
Attorneys for Defendant Dick's Sporting Goods, Inc.

NOTICE OF REMOVAL OF ACTION - 3

**ER_157**

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

JUSTIN PRICE, an individual

          Plaintiff,

v.

DICK'S SPORTING GOODS, INC., a foreign profit corporation; and JOHN DOE, an individual,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No. 3:24-cv-05585

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of July, 2024., I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all registered individuals.

Additionally, I hereby certify that a true copy of the foregoing **DEFENDANT DICK'S SPORTING GOODS, INC.'S NOTICE OF REMOVAL OF ACTION** was served as stated below on:

James McCormick
Evergreen Personal Injury Counsel
100 S 9th Street
Tacoma, WA 98402
   *Attorneys for Plaintiff*

☐ By hand delivery
☒ By first-class mail*
☐ By facsimile transmission
   Fax #: (253) 475-7886
☐
☒ By e-mail:
   jmccormick@epic-law.com
   nstubbs@epic-law.com
   hstamper@epic-law.com
☒ By court eFiling Application

CERTIFICATE OF SERVICE

DIC017.0007

**ER_158**

*With first-class postage prepaid and deposited in Portland, Oregon.

Dated this 22nd day of July, 2024.

**CHOCK BARHOUM** LLP

Sarah Tuthill-Kveton, WSBA #51801
Email: sarah@chockbarhoum.com
Electronic service: e-service@chockbarhoum.com
Attorneys for Defendant Dick's Sporting Goods, Inc.

Dated this 22nd day of July, 2024.

**CHOCK BARHOUM** LLP

John R. Barhoum, WSBA #42776
Email: john.barhoum@chockbarhoum.com
Attorneys for Defendant Dick's Sporting Goods, Inc.

**ER_159**

CERTIFICATE OF SERVICE

DIC017.0007

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

June 20 2024 11:42 AM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 24-2-08822-4

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| JUSTIN PRICE, an individual, | No. |
| Plaintiff, | COMPLAINT FOR PERSONAL INJURIES AND DAMAGES IN TORT |
| vs. | |
| DICK'S SPORTING GOODS, INC., a foreign profit corporation; and JOHN DOE, an individual, | |
| Defendants. | |

COMES NOW the Plaintiff, Justin Price, and for the cause of action against Defendants Dick's Sporting Goods, Inc. (hereinafter "Dick's"), and John Doe (hereinafter "Doe"), and states and alleges as follows:

## I. PARTIES

1.1    Plaintiff Justin Price, hereinafter "Price," brings this action for the benefit of himself individually. At all times material hereto, Price was a resident of Tacoma, Pierce County, Washington.

COMPLAINT -1.

EVERGREEN PERSONAL INJURY COUNSEL
100 South 9th Street
Tacoma WA 98402
P: (253) 472-6000
F: (253) 475-7886

**ER_160**

1.2    Defendant Dick's Sporting Goods, Inc., is a foreign profit corporation doing business and residing in Tacoma, Pierce County, Washington.

1.3    At all times relevant hereto, defendant John Doe, was a resident of Tacoma, Pierce County, State of Washington.

## II.    JURISDICTION AND VENUE

2.1    This Court has jurisdiction over the parties to and the subject matter of this lawsuit.

2.2    Venue is proper in this Court by virtue of all acts and omissions alleged herein having occurred in Tacoma, Pierce County, Washington.  Additionally, all parties reside in Pierce County, Washington as contemplated by RCW 4.12.025.

## III.    FACTUAL ALLEGATIONS

### A.    DEFENDANT DICK'S SPORTING GOODS, INC.

3.1    On or about October 10, 2021, Plaintiff, Price, entered the Dick's Sporting Goods store located in the Tacoma Mall in Tacoma, Pierce County, Washington.

3.2    Defendant owns, operates, and occupies the real property which houses its retail store located at 4502 S. Steele, St., Tacoma, WA 98409.

3.3    Defendant owns and maintains an escalator installed within its Tacoma Mall retail location.

3.4    Price went to the Tacoma Mall Dick's to purchase two "pop-up" tent canopies.

/////

////

///

//

/

COMPLAINT -2.

EVERGREEN PERSONAL INJURY COUNSEL
100 South 9th Street
Tacoma WA 98402
P: (253) 472-6000
F: (253) 475-7886



**ER_161**

3.5     Price located the canopies on the second floor of the store.  He used the escalator to reach the second floor.



3.6     Once Price had reached the second floor and located the canopies he wanted to purchase, he realized the canopies were too large and heavy to carry to the check stand himself. Price asked Dick's employee and defendant, John Doe, for assistance.

3.7     Defendant Doe carried one of the canopies to the escalator, leading Price.  Doe boarded the downward escalator ahead of Price, insisting he follow Doe.  Price was also carrying a heavy "pop-up" canopy as he boarded the escalator.

3.8     As Doe and Price started to descend, Doe lost grip of the "pop-up" canopy he was carrying and dropped it on the escalator as it was moving.  The canopy quickly slid down the escalator at a high rate of speed.  When it hit the bottom landing of the escalator, it jammed into the threshold and instantly and unexpectedly stopped the escalator's downward motion.

3.9     As the escalator came to an abrupt and unexpected stop, Price was thrown off his feet, violently twisting and injuring his right knee.

COMPLAINT -3.

EVERGREEN PERSONAL INJURY COUNSEL
100 South 9th Street
Tacoma WA 98402
P: (253) 472-6000
F: (253) 475-7886



**ER_162**

3.10    Dick's had an elevator available for use which Doe could have easily and safely used to transport the heave "pop-up" canopies.  However, Doe elected not to use the elevator.

3.11    Despite exercising reasonable care for his own safety, Price was unable to avoid being thrown from his feet on the escalator when it came to a violent stop.

3.12    Price sustained severe bodily injuries on October 10, 2021, in the above-referenced incident.

3.13    Dick's actions and omissions described herein were carried out by and through its agents and employees who were acting upon the furtherance of Dick's business and in the course and scope of employment at all times.

**B.      DEFENDANT JOHN DOE**

3.14    Defendant John Doe was at all times relevant herein an individual who was an employee and agent of Defendant, Dick's.

3.15    At all times material herein, Defendant, Doe's actions and omissions were carried out on his own behalf.

3.16    Plaintiff realleges and incorporates paragraphs 3.1 – 3.13, above, as the individual actions and omissions of Defendant, Doe.

## IV.    CAUSES OF ACTION – NEGLIGENCE

**A.      DEFENDANT DICK'S SPORTING GOODS, INC.**

4.1    Defendant Dick's owned, occupied and maintained the real property located at 4502 S. Steele St., Tacoma, Washington.

4.2    Defendant holds its property open to the public as a for-profit business.

//

/

**ER_163**

COMPLAINT -4.

EVERGREEN PERSONAL INJURY COUNSEL
100 South 9th Street
Tacoma WA 98402
P: (253) 472-6000
F: (253) 475-7886

4.3     Defendant had a duty maintain its property in a reasonably safe condition as well as to discovery and adequately repair hazards and/or warn users of the property of existing hazards.

4.4     Defendant had an additional and distinct duty as a common carrier to safely operate the escalator located upon its property and help open for use by the public.

4.5     On or about October 10, 2021, Defendant's property and escalator were in an unreasonable hazardous and dangerous condition.

4.6     Plaintiff was owed a duty of care as an invitee while upon Defendant's premises.

4.7     Plaintiff was owned the highest possible duty of care as a passenger of a common carrier while upon Defendant's escalator.

4.8     Defendant breached its duty when they failed to take any actions to warn invitees such as Price of the unreasonable hazardous condition of its premises.

4.9     Defendant breached its duty when it failed to take any actions to guard invitees such as Price from encountering the unreasonable hazardous condition of its premises.

4.10    Defendant breached its duty when it failed to take any actions to eliminate the unreasonable hazardous condition(s) of its premises.

4.11    Defendant breached its duty when it failed to safely operate its escalator.

4.12    Defendant knew or should have known of the hazardous condition of its premises and/or escalator.

4.13    Defendant created the hazardous condition of its premises and escalator on the date of the incident described herein in which Price was injured.

4.14    As a direct and proximate result of the fault of Defendant, Price sustained bodily injury, pain, and suffering, both physical and mental, and loss of enjoyment of life, which more

· COMPLAINT -5.

EVERGREEN PERSONAL INJURY COUNSEL
100 South 9th Street
Tacoma WA 98402
P: (253) 472-6000
F: (253) 475-7886

**ER_164**

probably than not will continue in the future. Further, Price has sustained economic damages for medical and will continue to sustain such damages in the future.

**B.**   **DEFENDANT JOHN DOE**

4.15   Plaintiff realleges and incorporates herein, paragraphs 4.1 – 4.14 above.

4.16   Defendant John Doe was at all times relevant herein an individual who was an employee and agent of Defendant, Dick's.

4.17   At all times material herein, Defendant, Doe's actions and omissions were carried out on his own behalf.

## V.   PRAYER FOR RELIEF

WHEREFORE, Price prays for judgment against the Defendants as follows:

1.   For economic damages in such amounts as will be proved at the time of trial;

2.   For non-economic damages in such amounts as will be proved at the time of trial;

3.   For pre-judgment interests on all liquidated sums;

4.   For Price's costs and disbursements herein, including reasonable attorneys' fees; and

5.   For such other and further relief in favor of Price as the Court deems just and equitable.

DATED this 20th day of June, 2024.

EVERGREEN PERSONAL INJURY COUNSEL

By /s/James W. McCormick
JAMES W. MCCORMICK, WSBA# 32898
NEIL P. STUBBS, WSBA #56890
Attorneys for Plaintiff

**ER_165**

COMPLAINT -6.

EVERGREEN PERSONAL INJURY COUNSEL
100 South 9th Street
Tacoma WA 98402
P: (253) 472-6000
F: (253) 475-7886

HON. THERESA L. FRICKE

Sarah L. Lee, WSBA No. 27364
Trial Attorney
Email: Sarah3@sarahleelaw.com
705 S. 9th St., Ste #104
Tacoma, WA 98405
Telephone: 253-234-5614

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN PRICE, an individual,

                Plaintiff,

    v.

DICK'S SPORTING GOODS,
INC., a foreign profit corporation;
and JOHN DOE, an individual,

      Defendants.

Case No. 3:24-cv-05585-TLF

NOTICE OF CIVIL APPEAL

Magistrate Judge
TERESA FRICKE

Notice is hereby given in accordance with FRAP 3(c) that Plaintiff Justin Price

appeals to the United States Court of Appeals for the Ninth Circuit from Dkt. #43 (Order to

Show Cause by December 19, 2025, re Plaintiff's Dkt. #38 Response to Dkt. #29 Motion for

Summary Judgment),  Dkt. #54 (Order granting Dkt. #29 Motion for Summary Judgment

filed by Defendant Dick's Sporting Goods Inc), and Dkt. #55 (Judgment by Court in favor of

Notice of Civil Appeal- 1

SARAH L. LEE
Trial Attorney
705 S. 9th St., STE #104
Tacoma, WA  98405
ph. (253) 234-5614
Sweetwater72@gmail.com
Sarah3@sarahleelaw.com

Dick's Sporting Goods Inc against Justin Price) entered in this action on December 18, 2025, and January 15, 2026.

DATED this 27th day of January, 2026.

TRIAL ATTORNEY

By: _____

Sarah L. Lee, WSBA# 27364
Attorney for Plaintiff Justin Price

Notice of Civil Appeal- 2                    ER_168

**SARAH L. LEE**
Trial Attorney
705 S. 9th St., STE #104
Tacoma, WA 98405
ph. (253) 234-5614
Sweetwater72@gmail.com
Sarah3@sarahleelaw.com

Notice of Civil Appeal - 3

**ER_169**

**SARAH L. LEE**
Trial Attorney
705 S. 9th St., Suite 104
Tacoma, WA  98465
ph. (253) 234-5614
Sarah3@sarahlee.com

# U.S. District Court
## United States District Court for the Western District of Washington (Tacoma)
## CIVIL DOCKET FOR CASE #: 3:24-cv-05585-TLF

Price v. Dick's Sporting Goods Inc et al
Assigned to: Judge Theresa L Fricke
Case in other court: Pierce County Superior Court, 24-00002-08822-4
                 9th Circuit Court of Appeals, 26-00599
Cause: 28:1441 Petition for Removal- Personal Injury

Date Filed: 07/22/2024
Date Terminated: 01/15/2026
Jury Demand: Defendant
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Justin Price**      represented by      **Sarah Lynn Lee**
SARAH LEE TRIAL LAWYER
705 S 9TH ST
STE 104
TACOMA, WA 98405
253-224-4450
Email: sweetwater72@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James W McCormick**
EVERGREEN PERSONAL INJURY
COUNSEL
100 SOUTH 9TH STREET
TACOMA, WA 98402
253-472-6000
Email: jmccormick@epic-law.com
*TERMINATED: 12/01/2025*

**Neil P Stubbs**
EVERGREEN PERSONAL INJURY
COUNSEL
100 SOUTH 9TH STREET
TACOMA, WA 98402
253-472-6000
Fax: 253-475-7886
Email: nstubbs@epic-law.com
*TERMINATED: 12/01/2025*

V.

**Defendant**

**Dick's Sporting Goods Inc**      represented by      **Sarah Tuthill-Kveton**
*a foreign profit corporation*      CHOCK BARHOUM LLP
121 SW MORRISON ST
SUITE 500
PORTLAND, OR 97204

**ER_170**

503-223-3000
Fax: 503-954-3321
Email: sarah@chockbarhoum.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amandeep Kaur Mann**
CHOCK BARHOUM LLP
121 SW MORRISON ST
SUITE 500
PORTLAND, OR 97204
503-223-3000
Email: aman@chockbarhoum.com
*ATTORNEY TO BE NOTICED*

**John R Barhoum**
CHOCK BARHOUM LLP
121 SW MORRISON ST
SUITE 500
PORTLAND, OR 97204
503-223-3000
Email: john.barhoum@chockbarhoum.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe**
*TERMINATED: 01/13/2026*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/22/2024 | 1 | NOTICE OF REMOVAL from Pierce County Superior Court, case number 24-2-08822-4; (Receipt # AWAWDC-8554275) filed by Dick's Sporting Goods, Inc.. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet, # 2 Exhibit Exhibit A - Summons, # 3 Exhibit Exhibit B - Complaint, # 4 Exhibit Exhibit D - Case Schedule, # 5 Exhibit Exhibit E - ROGs & RFPs, # 6 Exhibit Exhibit F - NOA)(Tuthill-Kveton, Sarah) (Entered: 07/22/2024) |
| 07/22/2024 | 2 | DECLARATION of Sarah Tuthill-Kveton re 1 Notice of Removal, by Defendant Dick's Sporting Goods, Inc. (Attachments: # 1 Exhibit Exhibit C - POS, # 2 Exhibit Exhibit G - Ltr of Demand)(Tuthill-Kveton, Sarah) (Entered: 07/22/2024) |
| 07/22/2024 | 3 | DEMAND for JURY TRIAL by Defendant Dick's Sporting Goods, Inc. (Tuthill-Kveton, Sarah) (Entered: 07/22/2024) |
| 07/22/2024 | 4 | CORPORATE DISCLOSURE STATEMENT indicating no Corporate Parents and/or Affiliates. Filed pursuant to Fed.R.Civ.P 7.1(a)(1). Filed by Dick's Sporting Goods, Inc.. (Tuthill-Kveton, Sarah) (Entered: 07/22/2024) |
| 07/22/2024 | 5 | DIVERSITY DISCLOSURE STATEMENT Filed pursuant to Fed.R.Civ.P. 7.1(a)(2). Filed by Dick's Sporting Goods, Inc.. (Tuthill-Kveton, Sarah) (Entered: 07/22/2024) |
| 07/22/2024 | 6 | NOTICE *to Adverse Parties of Removal to Federal Court* ; filed by Defendant Dick's Sporting Goods, Inc.. (Tuthill-Kveton, Sarah) (Entered: 07/22/2024) |
| 07/22/2024 | 7 | NOTICE of Compliance *with Requirement to Give Notice of Removal* by Defendant Dick's Sporting Goods, Inc.. (Tuthill-Kveton, Sarah) (Entered: 07/22/2024) |

| 07/23/2024 | | Judge Theresa L Fricke added. (MW) (Entered: 07/23/2024) |
|---|---|---|
| 07/23/2024 | 8 | LETTER from Clerk re receipt of case from Pierce County Superior Court and advising of WAWD case number and judge assignment. **JURY DEMAND - properly submitted federal court jury demand on file** (MW) (Entered: 07/23/2024) |
| 07/23/2024 | 9 | NOTICE OF ASSIGNMENT TO A US MAGISTRATE JUDGE AND DECLINATION OF CONSENT FORM. Each party will be deemed to have knowingly and voluntarily consented to proceed before a Magistrate Judge if this form is not returned by 7/30/2024. **Please Note: Forms must <u>not</u> be electronically filed with the Court.** (KAM) (Entered: 07/23/2024) |
| 07/29/2024 | 10 | ANSWER to Complaint (Notice of Removal) re: 1 Notice of Removal, *and Affirmative Defenses* by Dick's Sporting Goods Inc.(Tuthill-Kveton, Sarah) (Entered: 07/29/2024) |
| 07/31/2024 | 11 | CONSENT by all parties to proceed before a Magistrate Judge. (GMR) (Entered: 07/31/2024) |
| 07/31/2024 | 12 | ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT AND EARLY SETTLEMENT. Joint Status Report due by 9/11/2024, FRCP 26(f) Conference Deadline is 8/21/2024, Initial Disclosure Deadline is 9/4/2024, by Judge Theresa L Fricke. (GMR) (Entered: 07/31/2024) |
| 07/31/2024 | 13 | ORDER REGARDING DISCOVERY AND DEPOSITIONS by Judge Theresa L Fricke. (GMR) (Entered: 07/31/2024) |
| 08/23/2024 | 14 | ~~INITIAL DISCLOSURES Filed by Plaintiff Justin Price.(McCormick, James)~~ Modified on 8/26/2024 (MW). (Entered: 08/23/2024) |
| 08/26/2024 | 15 | NOTICE TO FILER: Under Local Civil Rule 5(d), Rule 26 initial disclosures and discovery requests and responses must not be filed unless they are used in the proceedings or the court orders filing. Docket entry No. 14 has been stricken from the docket. No further action is needed. (MW) (Entered: 08/26/2024) |
| 08/27/2024 | 16 | Stipulated MOTION for Protective Order , filed by Defendant Dick's Sporting Goods Inc. Noting Date 8/27/2024, (Tuthill-Kveton, Sarah) (Entered: 08/27/2024) |
| 08/29/2024 | 17 | MINUTE ORDER entered at the direction of Judge Theresa L Fricke. Pursuant to Local Civil Rule (LCR) 26(c)(2), parties that wish to depart from this district's model protective order, available on the court's website (Civil Court Forms), must provide the court with a redlined version identifying departures from the model. Because the parties did not do so, the Clerk is directed to strike the stipulated 16 motion for protective order. The parties may re-file the motion in accordance with the local rules. (GMR) (Entered: 08/29/2024) |
| 08/29/2024 | 18 | JOINT STATUS REPORT signed by all parties. Estimated Trial Days: 5. Filed by All Plaintiffs.(McCormick, James) (Entered: 08/29/2024) |
| 09/04/2024 | 19 | SCHEDULING ORDER entered by Judge Theresa L Fricke. (The court will not provide remote public access for this hearing.) Four-day jury trial will begin on September 8, 2025 at 9:30 a.m. in Courtroom F at the Tacoma Union Station Courthouse before the Honorable Theresa L Fricke. Deadline for joinder of additional parties October 11, 2024; Deadline for plaintiffs to file amended complaint October 11, 2024; Disclosure of opening expert witnesses March 3, 2025; Disclosure of rebuttal expert witnesses March 31, 2025; All motions related to discovery must be noted by May 9, 2025; Discovery completed by May 15, 2025; Dispositive motions June 9, 2025; Mediation Completed by July 7, 2025; All motions in limine must be filed by July 7, 2025; and Agreed LCR 16.1 Pretrial Order due August 4, 2025. (GMR) (Entered: 09/04/2024) |

| 09/19/2024 | 20 | Stipulated MOTION for Protective Order , filed by Defendant Dick's Sporting Goods Inc. (Tuthill-Kveton, Sarah) (Entered: 09/19/2024) |
|---|---|---|
| 10/01/2024 | 21 | MINUTE ORDER entered at the direction of Judge Theresa L Fricke. The Stipulated Protective Order filed by the parties does not indicate a specific list of documents which are to be deemed confidential under heading 2: "Confidential Material." See Dkt. 20 at 1-2. This appears to be an error. The error in the Stipulated Order should be corrected; the parties are directed to file a praecipe requesting the court consider a corrected document, which must be filed as an attachment to the praecipe, as required by Western District of Washington Local Civil Rule 7, subsection (m), by October 14, 2024. (GMR) (Entered: 10/01/2024) |
| 11/01/2024 | 22 | NOTICE of Hearing on 20 Stipulated MOTION for Protective Order. The court will provide remote audio public access for this hearing. Access information can be found on the court's Public Access to Hearings page at least 24 hours prior to the hearing. Status Hearing set for 11/12/2024 at 11:00 AM via Zoom before Judge Theresa L Fricke. (GMR) (Entered: 11/01/2024) |
| 11/12/2024 | 23 | MINUTE ENTRY for proceedings held before Judge Theresa L Fricke- Dep Clerk: *Gayle Riekena*; Pla Counsel: *James McCormick*; Def Counsel: *Sarah Tutbill-Kveton*; CR: *Angela Nicolavo*; Time of Hearing: *11:25am*; **Zoom Motion Hearing** held on 11/12/2024 re 20 Stipulated MOTION for Protective Order. Court heard from parties re language in proposed protective order. (GMR) (Entered: 11/12/2024) |
| 11/13/2024 | 24 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Status Conference held on 11/12/2024 before Judge Theresa L. Fricke.<br><br>Parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Information regarding the policy can be found on the court's website at www.wawd.uscourts.gov.<br><br>To purchase a copy of the transcript, contact court reporter Angela Nicolavo, angela_nicolavo@wawd.uscourts.gov, 253-882-3832.<br><br>Release of Transcript Restriction set for 2/11/2025, (AN) (Entered: 11/13/2024) |
| 11/13/2024 | 25 | STIPULATED PROTECTIVE ORDER re 20 Motion, signed by Judge Theresa L Fricke. (GMR) (Entered: 11/13/2024) |
| 05/15/2025 | 26 | Stipulated MOTION for Extension of Time *of Discovery and Trial Date*, filed by Defendant Dick's Sporting Goods Inc. (Attachments: # 1 Proposed Order Proposed Order) Noting Date 5/15/2025, (Tuthill-Kveton, Sarah) (Entered: 05/15/2025) |
| 05/20/2025 | 27 | ORDER granting 26 Stipulated Motion for Extension of Discovery and Related Deadlines and Trial Date, signed by Judge Theresa L Fricke. 39.1 mediation to be completed by 1/5/2026, Discovery Motions due by 11/3/2025, Discovery completed by 12/1/2025, Dispositive motions due by 12/19/2025, Motions in Limine due by 1/23/2026, Pretrial Order due by 2/6/2026, Jury Trial is set for 2/23/2026 at 09:30 AM in F Courtroom before Judge Theresa L Fricke. (See Order for further scheduling details.) (KAM) (Entered: 05/20/2025) |
| 07/28/2025 | 28 | LIST *of primary witnesses* by All Plaintiffs (McCormick, James) (Entered: 07/28/2025) |

| 10/23/2025 | 29 | MOTION for Summary Judgment , filed by Defendant Dick's Sporting Goods Inc. Oral Argument Requested. (Attachments: # 1 Proposed Order Proposed Order) Noting Date 12/5/2025 ~~11/21/2025~~, (Barhoum, John) Modified on 11/14/2025 (MW). (Entered: 10/23/2025) |
| --- | --- | --- |
| 10/23/2025 | 30 | DECLARATION of Sarah Tuthill-Kveton filed by Defendant Dick's Sporting Goods Inc re 29 MOTION for Summary Judgment (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Barhoum, John) (Entered: 10/23/2025) |
| 10/23/2025 | 31 | DECLARATION of Eduardo Recardo filed by Defendant Dick's Sporting Goods Inc re 29 MOTION for Summary Judgment (Barhoum, John) (Entered: 10/23/2025) |
| 10/30/2025 | 32 | NOTICE OF FILING AND RECEIPT OF CD containing SEALED Exhibit B to 30 Declaration of Sarah Tuthill-Kveton in Support of Defendant Dick's Sporting Good's 29 Motion for Summary Judgment. (one volume, placed in Tacoma Clerk's Office) (BKP) Modified to reflect sealed on 10/30/2025 (BKP). (Entered: 10/30/2025) |
| 11/07/2025 | 33 | NOTICE of Appearance by attorney Sarah L Lee on behalf of Plaintiff Justin Price. (Attachments: # 1 Certificate of Service)(Lee, Sarah) (Entered: 11/07/2025) |
| 11/07/2025 | 34 | MOTION to Withdraw as Attorney , filed by Plaintiff Justin Price. (Attachments: # 1 Exhibit Stipulated Notice of Withdrawal and Substitution, # 2 Proposed Order Proposed Order to Withdraw) Noting Date 11/28/2025, (Ceder, Timothy) (Entered: 11/07/2025) |
| 11/11/2025 | 35 | NOTICE that the following is RE-NOTED: 29 MOTION for Summary Judgment . Filed by Defendant Dick's Sporting Goods Inc. Noting Date 12/5/2025, (Barhoum, John) (Entered: 11/11/2025) |
| 12/01/2025 | 36 | ORDER granting 34 Motion to Withdraw as Attorney, signed by Judge Theresa L Fricke. Attorneys James W McCormick and Neil P Stubbs terminated. (KAM) (Entered: 12/01/2025) |
| 12/02/2025 | 37 | NOTICE of Hearing on Motion re 29 MOTION for Summary Judgment : The court will not provide remote public access for this hearing. Motion Hearing set for 12/22/2025 at 09:30 AM in F Courtroom before Judge Theresa L Fricke.(KEB) (Entered: 12/02/2025) |
| 12/17/2025 | 38 | RESPONSE, by Plaintiff Justin Price, to 29 MOTION for Summary Judgment . (Attachments: # 1 Proposed Order Def Prop Order on MSJ)(Lee, Sarah) (Entered: 12/17/2025) |
| 12/17/2025 | 39 | DECLARATION of Justin Price filed by Plaintiff Justin Price re 29 MOTION for Summary Judgment (Lee, Sarah) (Entered: 12/17/2025) |
| 12/17/2025 | 40 | DECLARATION of Sarah Lee filed by Plaintiff Justin Price re 29 MOTION for Summary Judgment (Lee, Sarah) (Entered: 12/17/2025) |
| 12/17/2025 | 41 | **SEALED DOCUMENT** by Plaintiff Justin Price re 25 Protective Order, 40 Declaration (Lee, Sarah) (Entered: 12/17/2025) |
| 12/17/2025 | 42 | **SEALED** EXIBIT B to 40 Declaration re 38 RESPONSE, by Plaintiff Justin Price, to 29 MOTION for Summary Judgment . (Lee, Sarah) Modified and sealed per request of filer on 12/18/2025 (MW). (Entered: 12/17/2025) |
| 12/18/2025 | | NOTICE REGARDING LACK OF PROPER SIGNATURE. The 39 Declaration was improperly signed by **Justin Price**. Signatures must be in accordance with FRCP 11 and must comply with ECF Filing Procedures. Please file corrected signature page using *Praecipe to Attach* event and link to original filing. (MW) (Entered: 12/18/2025) |
| 12/18/2025 | | NOTICE REGARDING LACK OF PROPER SIGNATURE. The 40 Declaration was improperly signed by **Sarah Lee**. Signatures must be in accordance with FRCP 11 and |

| | | |
|---|---|---|
| | | LCR 83.2(a) and must comply with ECF Filing Procedures. Please file corrected signature page using *Praecipe to Attach* event and link to original filing. (MW) (Entered: 12/18/2025) |
| 12/18/2025 | 43 | ORDER TO SHOW CAUSE by December 19, 2025 re Plaintiff's 38 Response to 29 MOTION for Summary Judgment, signed by Judge Theresa L Fricke. (GMR) (Entered: 12/18/2025) |
| 12/18/2025 | 44 | PRAECIPE to attach document *Complete Price Declaration* re 39 Declaration by Plaintiff Justin Price (Attachments: # 1 Exhibit Complete Price Declaration)(Lee, Sarah) (Entered: 12/18/2025) |
| 12/18/2025 | 45 | PRAECIPE to attach document *Complete Lee Declaration* re 40 Declaration by Plaintiff Justin Price (Attachments: # 1 Exhibit Complete Lee Declaration)(Lee, Sarah) (Entered: 12/18/2025) |
| 12/18/2025 | 46 | RESPONSE TO ORDER TO SHOW CAUSE by Plaintiff Justin Price re: 43 Order to Show Cause (Lee, Sarah) (Entered: 12/18/2025) |
| 12/18/2025 | 47 | STIPULATION *RE MSJ Reply Filing Date* by parties re 43 Order to Show Cause (Lee, Sarah) (Entered: 12/18/2025) |
| 12/19/2025 | 48 | NOTICE OF RESCHEDULED HEARING: Oral Argument/Motion Hearing reset to 1/13/2026 at 9:30 AM in F Courtroom before Judge Theresa L Fricke. The court will not provide remote public access for this hearing. (GMR) (Entered: 12/19/2025) |
| 12/19/2025 | 49 | MINUTE ORDER entered at the direction of Judge Theresa L Fricke. Plaintiff filed a stipulation on December 18, 2025, extending the deadline for defendant to file their reply brief to the summary judgment motion to January 5, 2026. Dkt. 47 . The Court instructs the Clerk to re-note defendant's motion for summary judgment (Dkt. 29 ) to January 5, 2026. (GMR) (Entered: 12/19/2025) |
| 01/05/2026 | 50 | REPLY, filed by Defendant Dick's Sporting Goods Inc, TO RESPONSE to 29 MOTION for Summary Judgment (Tuthill-Kveton, Sarah) (Entered: 01/05/2026) |
| 01/05/2026 | 51 | DECLARATION of Sarah Tuthill-Kveton filed by Defendant Dick's Sporting Goods Inc re 29 MOTION for Summary Judgment (Attachments: # 1 Exhibit Exhibit A)(Tuthill-Kveton, Sarah) (Entered: 01/05/2026) |
| 01/13/2026 | 52 | NOTICE of Association of Attorney by John R Barhoum on behalf of Defendant Dick's Sporting Goods Inc. (Barhoum, John) (Entered: 01/13/2026) |
| 01/13/2026 | | Attorney Amandeep Kaur Mann added for Dick's Sporting Goods Inc; per 52 Notice of Attorney Association. (MW) (Entered: 01/13/2026) |
| 01/13/2026 | 53 | MINUTE ENTRY for proceedings held before Judge Theresa L Fricke- Dep Clerk: *G Riekena*; Pla Counsel: *Sarah Lee*; Def Counsel: *Amandeep Mann*; CR: *Sheri Schelbert*; Time of Hearing: *9:30am*; Courtroom: *F*; **Motion Hearing/Oral Argument** held on 1/13/2026 re defendant's 29 Motion for Summary Judgment. Defense counsel Amandeep Mann enters an appearance on the record; written appearance to be filed. Plaintiff moves to terminate/withdraw defendant John Doe; no objections; Court grants motion. Court hears argument from parties. Matter taken under advisement; written decision to issue soon. (GMR) (Entered: 01/14/2026) |
| 01/15/2026 | 54 | ORDER granting 29 Motion for Summary Judgment filed by Defendant Dick's Sporting Goods Inc Signed by Judge Theresa L Fricke.(KEB) (Entered: 01/15/2026) |

| 01/15/2026 | 55 | JUDGMENT BY COURT in favor of Dick's Sporting Goods Inc against Justin Price. The case is DISMISSED with prejudice. (KEB) (Entered: 01/15/2026) |
|---|---|---|
| 01/27/2026 | 56 | NOTICE OF APPEAL to Ninth Circuit (26-599) re 43 Order to Show Cause, 54 Order on Motion for Summary Judgment, 55 Judgment by Court by Plaintiff Justin Price. $605, receipt number AWAWDC-9430706 (cc: USCA) (Attachments: # 1 Supplement Representation Statement)(Lee, Sarah) Modified on 1/29/2026 to add CCA#. (RE). (Entered: 01/27/2026) |
| 01/29/2026 | 57 | TIME SCHEDULE ORDER/USCA CASE NUMBER (26-599) as to 56 Notice of Appeal, filed by Justin Price. (RE) (Entered: 01/29/2026) |
| 02/09/2026 | 58 | TRANSCRIPT REQUEST by Plaintiff Justin Price for proceedings held on 01132026. Requesting Attorney: Sarah L Lee.<br><br>Posting of this Transcript Order form does not constitute an official request for transcript(s). If you have not already done so, you MUST contact the individual court reporter(s), Sheri Schelbert (sheri_schelbert@wawd.uscourts.gov, 253-882-3831) to make payment arrangements and secure your desired delivery time. (Lee, Sarah) (Entered: 02/09/2026) |
| 02/26/2026 | 59 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion Hearing held on 1/13/2026 before Judge Theresa L. Fricke.<br><br>Parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Information regarding the policy can be found on the court's website at www.wawd.uscourts.gov.<br><br>To purchase a copy of the transcript, contact court reporter Sheri Schelbert, sheri_schelbert@wawd.uscourts.gov Release of Transcript Restriction set for 5/27/2026, (SLS) (Entered: 02/26/2026) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/25/2026 20:33:57 | | |
| **PACER Login:** slleeatty72 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 3:24-cv-05585-TLF |
| **Billable Pages:** 6 | **Cost:** | 0.60 |